# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss,                           :
                    Appellant         :
                                      :
            v.                        :
                                      :
SCI – Mahanoy Superintendent          :
Pennsylvania Board of                 :    No. 204 C.D. 2018
Probation and Parole                  :    Submitted: June 8, 2018


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY                            FILED: August 29, 2018


Craig Moss (Moss) appeals, pro se, from the Court of Common Pleas of the 39th Judicial District, Franklin County Branch's (trial court) November 3, 2017 order denying his Petition for Writ of Habeas Corpus (Petition). Moss raises seven issues for this Court's review: (1) whether the trial court complied with Pennsylvania Rule of Civil Procedure No. (Rule) 206.7; (2) whether the Mahanoy State Correctional Institution Superintendent and the Pennsylvania Board of Probation and Parole (collectively, Board) admitted that Moss had served his complete sentence; (3) whether Moss' sentence is illegal and, thus, unenforceable; (4) whether Moss was given credit for all time served; (5) whether this Court should, *sua sponte*, correct Moss' allegedly illegal sentence; (6) whether the Supremacy Clause of the United States (U.S.) Constitution[1] (Supremacy Clause) mandates that this Court decline to

---

[1] The Supremacy Clause states, in pertinent part: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

enforce Moss' allegedly illegal sentence; and (7) whether the trial court complied with the law. After review, we affirm.

Moss is an inmate currently incarcerated at York County Prison. On March 5, 1997, Moss was sentenced to 20 years of imprisonment for arson (First Sentence). Moss' minimum sentence release date for his First Sentence was December 6, 2000 with a maximum sentence release date of March 5, 2017. On May 1, 2000, Moss received a 10-year maximum sentence for aggravated assault (Second Sentence) to commence upon the expiration of his First Sentence.[2] Thereafter, Moss' maximum sentence release date was recalculated to March 5, 2027. Moss was paroled on April 7, 2008. Moss remained at liberty on parole until January 15, 2017, when he was arrested in York County on new criminal charges. The Board lodged a detainer against Moss that prevented his release on bail pending disposition of the new charges.[3]

Moss filed his Petition on October 5, 2017, while under the Board's detainer. Therein, Moss alleged that because his minimum sentence for the First Sentence was 42 months and his minimum sentence for the Second Sentence was 15 months, his aggregated minimum sentence was 57 months. Moss further contended that when he reached his First Sentence minimum date on December 6, 2000, his Second Sentence began to run simultaneously and was completed on December 6, 2010. Thus, Moss argued that the Board violated his constitutional rights by improperly detaining him.

On October 11, 2017, the trial court issued a rule to the Board to show cause why Moss was not entitled to the relief requested. The trial court's order also directed the Board to "file a response to the [P]etition within 20 **days of service upon**

---

[2] The original record does not provide factual details of the events that resulted in the Second Sentence.

[3] Moss was convicted of the new charges on March 13, 2018. He is currently awaiting sentencing before the York County Common Pleas Court.

the [**Board**]" and advised the parties that "[t]he [Petition] shall be decided under [Rule] 206.7[.]" Trial Ct. Order, October 11, 2017. On October 31, 2017, the Board filed its response. Notably, the Board's response did not answer each numbered averment in the Petition, but instead summarized the factual background pertaining to Moss' incarceration, reiterated that Moss' maximum release date is March 5, 2027 and asserted that Moss' claim that he is being held after his First Sentence expired is meritless.

On November 3, 2017, the trial court "decide[d] the [P]etition on the [P]etition and answer" and found that Moss should remain in custody since he had not completed his full 30-year sentence. On November 21, 2017, Moss filed the instant appeal[4] from the trial court's order.[5]

## I. Whether the Trial Court Complied With Rule 206.7

Moss first argues that the trial court abused its discretion because it did not comply with Rule 206.7 when, absent his request, it disposed of the Petition, thereby depriving him of the right to conduct discovery, request oral argument or seek leave to amend his Petition.

Rule 206.7(b) states that "[i]f an answer [to a petition] is filed raising no disputed issues of material fact, the court **on request of the petitioner** shall decide the petition on the petition and answer." Pa.R.C.P. No. 206.7(b) (emphasis added).

---

[4] Moss filed his appeal in the Superior Court. The Superior Court transferred the matter to this Court on February 14, 2018.

[5] "Our review of the trial court's decision is limited to determining whether constitutional rights were violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Pew v. Meching*, 929 A.2d 1214, 1217 n.4. "An abuse of discretion occurs when the trial court has made 'not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'" *Ligonier Twp. v. Nied*, 161 A.3d 1039, 1045 n.4 (Pa. Cmwlth. 2017) (quoting *Luzerne Cty. Flood Prot. Auth. v. Reilly*, 825 A.2d 779, 782 (Pa. Cmwlth. 2003)).

Rule 206.7(c) specifies that if an answer raises disputed factual issues, discovery may be conducted as the trial court permits.  *See* Pa.R.C.P. No. 206.7(c).

However, courts in this Commonwealth have construed Rule 206.7(b) to allow court decisions "without the fact-finding process" based on the petition and answer "[i]f the answer does not raise disputed issues of fact[.]"  *U.S. Spaces, Inc. v. Berkshire Hathaway Home Servs., Fox & Roach*, 165 A.3d 931, 933 (Pa. Super. 2017) (quoting Rule 206.4, *Comment*, which was the predecessor to Rule 206.7); *see also Duquesne Light Co. v. Rudolph N. Rohn Co., Inc.*, 753 A.2d 286, 288 (Pa. Super. 2000) ("If an answer is filed which does not dispute issues of fact, **the court shall decide the petition**.") (emphasis added); *Chaney v. Fairmount Park Real Estate Corp.* (Pa. Cmwlth. No. 2388 C.D. 2011, filed June 25, 2012)[6], slip op. at 8 ("[W]here an answer is filed that does not raise disputed factual issues, **the court shall decide the petition** based solely on the parties' filings.") (emphasis added).  If there is no dispute of material fact, "there is no justification for the taking of depositions under [Rule] 206.7(c)."  *In re Nomination Paper of Nader* (Pa. Cmwlth. No. 568 M.D. 2004, filed December 4, 2008), slip op. at 8 n.3, *aff'd*, 982 A.2d 1220 (Pa. 2009).

Here, because Moss admits that there are no disputed issues of material fact, thereby negating the need for depositions or discovery, Rule 206.7(a) authorized the trial court to decide the Petition based solely on Moss' Petition and the Board's answer.  Accordingly, the trial court complied with Rule 206.7, and Moss' argument to the contrary is without support.

---

[6] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

## II. Whether the Board Admitted Moss' Averments

Moss next contends that the trial court abused its discretion by dismissing his Petition when the Board admitted Moss' averments, including his contention that he completed his sentences. According to Moss, by failing to directly answer any of the Petition's numbered averments as required by Rules 206.7 and 1029, the Board admitted them all. Relatedly, Moss claims that since the Board failed to respond to his assertion that he should no longer be in custody, there were no disputed issues of material fact, and the trial court should have decided the Petition in his favor.

Rule 1029 provides, in relevant part:

(a) A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as is admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading **to which a responsive pleading is required are admitted when not denied** specifically or by necessary implication. A general denial or a demand for proof, . . . shall have the effect of an admission.

. . . .

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

Pa.R.C.P. No. 1029 (emphasis added). Further, Rule 206.7 states that where a court issues a rule to show cause, only unanswered factual averments not expressly denied are deemed admitted. *See* Pa.R.C.P. No. 206.7. Importantly, "[u]nder any rule of pleading, a conclusion of law is not an admission; only unanswered assertions of fact

5

are considered so." *Commonwealth v. $26,556.00 Seized from Polidoro*, 672 A.2d 389, 393 n.8 (Pa. Cmwlth. 1996).

Here, because the trial court issued an order to show cause on October 11, 2017, the Board was required to respond in accordance with Rule 206.7. On October 31, 2017, the Board filed an answer but did not "admit or deny each averment of fact in the preceding pleading" as required by Rule 1029(a).[7] However, the only factual allegations in Moss' Petition relate to his convictions and the sentences imposed.[8] The remaining averments pertain to the legal effect of the time Moss served on the expiration of his sentences and are, thus, legal conclusions to which no responsive pleadings were required. Therefore, the legal conclusions regarding the completion of Moss' sentences were "deemed to be denied." Pa.R.C.P. No. 1029(d). Accordingly, because the Board did not admit to Moss' legal conclusion that he completed his sentences, the trial court did not abuse its discretion by dismissing Moss' Petition.

### III. Whether Moss' Aggregated Sentence is Enforceable

Moss also claims that his sentence is illegal and, thus, unenforceable. Moss specifically asserts that the Board lacked authority to aggregate his sentences, and that he is being detained beyond his maximum sentence release date. Importantly, the parties agree that Moss received consecutive sentences. *See* Moss Reply Br. at 5; Board Br. in Opposition at 5-6. This Court has consistently held that

---

[7] In its response, the Board affirmatively denied that Moss had completed his sentence, and clarified that Moss had only reached his minimum sentence release date on his First Sentence as of December 6, 2000. *See* Original Record Item No. 8, Board Response to Rule to Show Cause at 4. The Board reiterated numerous times throughout its answer that Moss had not completed his sentence and should remain in custody until *at least* March 5, 2027. *Id.* at 2-5.

[8] The record supports the trial court's determination that there is no dispute of material fact. Moss avers that he was sentenced to a twenty-year sentence and a ten-year sentence to be served consecutively; the Board concurs. *See* Moss Reply Br. at 5; Board Br. in Opposition at 5-6.

"once a sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is 'automatic and mandatory' under [S]ection 9757 of the Sentencing Code[,[9] 42 Pa.C.S. § 9757]." *Forbes v. Pa. Dep't of Corr.*, 931 A.2d 88, 92 (Pa. Cmwlth. 2007), *aff'd*, 946 A.2d 103 (Pa. 2008); *see also Commonwealth v. Allshouse*, 33 A.3d 31 (Pa. Super. 2011). Further, since an inmate receives a new minimum and maximum sentence release date based on "the total of all offenses with respect to which sentence is imposed[,]" the sentence order is irrelevant. 42 Pa.C.S. § 9757; *see also Forbes*. Accordingly, because Moss' sentences were properly aggregated, his argument that his sentence is illegal and unenforceable fails.[10]

## IV.     Whether Moss Was Properly Credited For All Time Served

Moss next argues that he has not been given credit for all time served while in custody. Moss first cites to *Martin v. Pennsylvania Board of Probation & Parole*, 840 A.2d 299 (Pa. 2003), for the proposition that "when an offender is held on new criminal charges as well as a detainer lodged by the Board, . . . the offender is

---

[9] Section 9757 of the Sentencing Code states:

> Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S. § 9757.

[10] Given that Moss' maximum sentence release date for the aggregated sentences was March 5, 2027, when he was paroled on April 7, 2008, he had 18 years, 10 months and 26 days remaining. To the extent Moss argues that the Board intruded upon judicial powers in recalculating his minimum and maximum sentence dates, and that denial of credit for time spent on parole also intrudes upon judicial powers, "[t]he grant of parole is purely an administrative function which does not intervene on the power of the judiciary." *Commonwealth v. Harris*, 620 A.2d 1175, 1181 n.11 (Pa. Super. 1993); *see also Young v. Commonwealth, Bd. of Prob. & Parole*, 409 A.2d 843 (Pa. 1979).

confined for both offenses." *Id.* at 303. Moss then maintains that because the Board placed a detainer on him from August 1999 until May 2000 for the charges resulting in the Second Sentence, he "was entitled to nine (9) months of credit for both sentences . . . ." Moss Br. at 7. The *Martin* Court held: "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to **either** the new sentence **or** the original sentence." *Id.* at 309 (emphasis added). Thus, *Martin* does not support Moss' assertion that he is entitled to credit on both sentences for the 9-month period he was held on detainer while incarcerated.

In addition, Moss claims that he was not properly credited with time served because he was either "constructively paroled no [l]ater than January []8, 2007" or he "was in custody on both offenses since August []3[,] 1999 until April []8, 2008[.]" Moss Br. at 8. Moss contends that if he was not constructively paroled from his First Sentence to his Second Sentence, then he was in custody for both offenses and has since fully served his Second Sentence. *See* Moss Br. at 8.

"A prisoner in Pennsylvania does not have an automatic right to parole upon the expiration of his minimum term, rather the granting of parole is a matter of grace and administrative discretion." *Bowman v. Pa. Bd. of Prob. & Parole*, 709 A.2d 945, 948 (Pa. Cmwlth. 1998) (quoting *Bostic v. Pa. Bd. of Prob. & Parole*, 682 A.2d 401, 403 (Pa. Cmwlth. 1996)). The Board also has the discretion to grant constructive parole. *See Merritt v. Pa. Bd. of Prob. & Parole*, 539 A.2d 511 (Pa. Cmwlth. 1988). "A prisoner on constructive parole is not released from prison but is paroled from his or her original sentence to immediately begin serving a new sentence." *Calloway v. Pa. Bd. of Prob. & Parole*, 857 A.2d 218, 220 n.4 (Pa. Cmwlth. 2004). "[T]he concept of at liberty on parole is not at liberty from all confinement, but at liberty from confinement of the particular sentence from which the convict is being reentered as a parole violator." *Rosenberger v. Pa. Bd. of Prob.*

8

*& Parole*, 510 A.2d 866, 867 (Pa. Cmwlth. 1986) (internal quotations omitted) (quoting *Commonwealth ex rel. Haun v. Cavell*, 154 A.2d 257, 261 (Pa. Super. 1959)). This Court has stated that

> [c]onstructive parole differs from actual parole in that rather than actually releasing the parolee from prison, [he is] merely free[d] . . . to begin serving the next consecutive sentence. In effect, he is simultaneously serving the remainder of the maximum term of the first sentence and the minimum term of the second.

*Ray v. Howard*, 395 A.2d 1038, 1040 n.2 (Pa. Cmwlth. 1979).

Here, although Moss became **eligible** for parole from the First Sentence on December 6, 2000, at no point during Moss' sentence did parole become automatic, and the Board was under no obligation to grant parole or constructive parole. Further, Moss was not granted constructive parole because he was not released on parole until April 7, 2008 and, at that time, he was released on parole outside prison walls, rather than remaining in custody to begin his Second Sentence. Because the record is clear that Moss has been properly credited for all time served while in custody, this argument is without merit.

## V. Whether this Court may Sua Sponte Correct Moss' Sentence.

Moss also posits that this Court should, *sua sponte*, correct his sentence because he

> was arrest[ed] on August []3, 1996, [and] never made bail on the charges [which resulted in his First Sentence[11]]. At

---

[11] The First Sentence resulted from the charges in Criminal Docket No. CP-28-CR-0001036-1996. Based on a review of the public docket for that action, it appears that Moss posted bail on October 23, 1996, after spending 83 days in custody. The docket entries for the First Sentence are not part of the original record. However, this Court may take judicial notice of information contained in the publicly-available docket in *Commonwealth v. Moss* (Franklin County CP-28-CR-0001036-1996). *See Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1 (Pa. Super. 2007). Further, "[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other

9

[Moss'] sentencing hearing . . . the [sentencing c]ourt failed to give [Moss] credit for the seven (7) months spent in custody for this offense. Since the maximum penalty for a Felony one is twenty years (18 P[a.C.S. §] 1103 (1))[, Moss' First Sentence] . . . is blatantly illegal [on its face,] as [Moss] has served 21 years and four months on this sentence[.]

Moss Br. at 9. Moss asserts that the trial court should have granted his Petition to rectify his illegal sentence. The writ of habeas corpus "lies to correct void or illegal sentences or an illegal detention[.]" *Commonwealth ex rel. Butler v. Rundle*, 180 A.2d 923, 924 (Pa. 1962); *see also Commonwealth ex rel. McGlinn v. Smith*, 24 A.2d 1 (Pa. 1942); *Chadwick v. Caulfield*, 834 A.2d 562 (Pa. Super. 2003). "[T]he writ may be used only to extricate a petitioner from illegal confinement or to secure relief from conditions of confinement that constitute cruel and unusual punishment." *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (quoting *Commonwealth ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002)); *see also Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997). Significantly:

A challenge to the legality of a sentence 'is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down. . . . A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes.'

*Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa. Super. 2014) (quoting *Commonwealth v. Cappellini*, 690 A.2d 1220, 1226 (Pa. Super. 1997)). The legislature authorized a twenty-year sentence for Moss' arson conviction and a ten-year sentence for his aggravated assault conviction under Section 1103(1) and (2) of the Crimes Code.[12]

_____

proceedings where appropriate. This is particularly so where, as here, the other proceedings involve the same parties." *Lycoming Cty. v. Pa. Labor Relations Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007) (citation omitted).

[12] Section 1103 of the Crimes Code states, in pertinent part:

Section 9760 of the Sentencing Code provides, in relevant part:

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760.

Our Superior Court has held that "[a]n attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived." *Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004). Notwithstanding, that Court has also explained:

[T]he [Post Conviction Relief Act[13] (]PCRA[)] is the **exclusive vehicle** for obtaining post-conviction collateral relief. This is true regardless of the manner in which the petition is titled. Indeed, the PCRA statute specifically provides for such treatment:

The action established in this subchapter shall be the **sole means** of obtaining collateral relief and **encompasses all other common law and**

---

[A] person who has been convicted of a felony may be sentenced to imprisonment as follows:

(1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

(2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than [10] years.

18 Pa.C.S. § 1103. Section 3301 of the Crimes Code lists arson as a first degree felony, 18 Pa.C.S. § 3301, and Section 2702 of the Crimes Code lists aggravated assault as a second degree felony as against certain enumerated individuals, 18 Pa.C.S. § 2702.

[13] 42 Pa.C.S. §§ 9541-9546.

11

> **statutory remedies** for the same purpose that exist when this subchapter takes effect, **including habeas corpus** and coram nobis.
>
> 42 Pa.C.S.[] § 9542. Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA.

*Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (citations omitted; emphasis added).

In *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011), a prisoner filed a motion in 2010 to correct a sentence imposed in 1988. The Superior Court held that, since the claim was cognizable under the PCRA, the prisoner must adhere to the time requirements in Section 9545 of the PCRA. Because the "[PCRA] petition was patently untimely, [] the PCRA court did not have jurisdiction under [S]ection 9545 [of the PCRA] to consider [the petitioner's] claim." *Jackson*, 30 A.3d at 521-22. The *Jackson* Court expounded:

> Section 9545 [of the PCRA] expressly states that a PCRA petition 'shall be filed within one year of the date the judgment becomes final' unless one of the statutory exceptions[14] is pled and proven. 42 Pa.C.S.[] § 9545. Our

---

[14] The statutory exceptions contained in Section 9545(b)(1) of the PCRA provide:

> Any petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of

12

courts have strictly interpreted this requirement as creating a jurisdictional deadline. *See* [*Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999)] ('court has no authority to extend filing periods except as [Section 9545 of the PCRA] permits'); *Commonwealth v. McKeever*, 947 A.2d 782, 784-85 (Pa. Super. 2008) (court is not permitted to 'disregard, alter, or create equitable exceptions to the timeliness requirement [of Section 9545 of the PCRA]'). Further, our courts have interpreted jurisdiction under [S]ection 9545 [of the PCRA] differently than [S]ection 5505 [of the Judicial Code, 42 Pa.C.S. § 5505[15]]. Unlike [S]ection 5505 [of the Judicial Code], [S]ection 9545 [of the PCRA] does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. *See* [*Commonwealth v. Perrin,* 947 A.2d 1284, 1285 (Pa. Super. 2008)] (courts are without jurisdiction to consider the merits of untimely PCRA petition). Therefore, when the one-year filing deadline of [S]ection 9545 [of the PCRA] has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.

*Jackson*, 30 A.3d at 522-23.

In the instant case, Moss filed his Petition on October 5, 2017 - more than 20 years after his March 5, 1997 sentence was imposed. Not only is Moss' Petition untimely, he did not plead any of the PCRA's statutory exceptions. Thus, despite that "[a]n attack upon the court's failure to give credit for time served . . . cannot be waived[,]" neither this Court, nor the trial court has jurisdiction to correct Moss' sentence. *Davis*, 852 A.2d at 399.

---

Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

[15] Section 5505 of the Judicial Code states: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505.

**VI.** **Whether the Trial Court Violated the Supremacy Clause**

Moss further claims that the trial court violated the Supremacy Clause by failing to comply with the mandates of Section 9757 of the Sentencing Code. Moss' argument is unclear at best. Moss appears to argue that the trial court failed to adhere to the Sentencing Code, and that this failure is unconstitutional under the Supremacy Clause since the U.S. Supreme Court has held that where a statute limits an official's discretion using mandatory language, that statute creates a liberty interest that the statute will be followed. Thus, according to Moss, the trial court's failure to adhere to the mandatory requirement that the sentencing court set a minimum sentence under Section 9757 of the Sentencing Code violated the statute and thereby contravened Supreme Court precedent. Therefore, Moss posits, such action contravened the Supremacy Clause, rendering his sentence void.

Section 9757 of the Sentencing Code states that courts "shall indicate the minimum sentence to be served" for all offenses imposed. 42 Pa.C.S. § 9757 (emphasis added). Moss argues that the aforementioned language **requires** the sentencing judge to indicate the total minimum sentence to be served, and the sentencing judge's failure to do so renders the sentence void. *See* Moss Br. at 11-12.

In *Gillespie v. Department of Corrections*, 527 A.2d 1061 (Pa. Cmwlth. 1987), this Court examined Section 9757 of the Sentencing Code and explained:

> Our reading of the statute and interpretive case law compels us to conclude that once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under [Section 9757 of the Sentencing Code].
>
> In *Commonwealth v. Green*, . . . 458 A.2d 951 ([Pa. Super.] 1983), the Superior Court held that the 'plain meaning' rule of Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903, applied to [Section 9757 of the Sentencing Code]. Section 9757 [of the Sentencing Code]

14

provides that where consecutive sentences are imposed, the sentencing court '*shall* indicate the minimum sentence to be served for the *total* of *all* offenses.' The General Assembly's use of the terms 'shall,' 'total,' and 'all' as pertaining to the minimum term clearly state an intention that the prisoner serve the aggregate of *all* the minimum terms imposed under the various consecutive sentences. The term 'shall' rather than 'may' imports the mandatory, rather than discretionary, nature of the statute. While [**the sentencing judge**] **did not indicate a total minimum term at the time of sentencing, that failure is not a fatal flaw since, by operation of Section 9757 [of the Sentencing Code**], we find that [**the prisoner's**] **consecutive sentences of five to ten years and three to six months by necessary implication provided for an aggregated sentence of five years, three months to ten years, six months**. The discretion of the sentencing judge is preserved in that the sentencing judge has the discretion to impose either consecutive or concurrent sentences.

*Gillespie*, 527 A.2d at 1065 (bold emphasis added; citations omitted).

In the instant matter, Moss' First Sentence imposed a term of 42 to 240 months of imprisonment. His Second Sentence imposed a term of 15 to 120 months in prison. As in *Gillespie*, although the sentencing judge

did not indicate a total minimum term at the time of sentencing, that failure is not a fatal flaw since, by operation of Section 9757 [of the Sentencing Code,] we find that [Moss'] consecutive sentences of [42 months to 240 months] and [15 months to 120 months] by necessary implication provided for an aggregated sentence of [57 months].

*Id*. at 1065. As explained in *Gillespie*, pursuant to Section 9757 of the Sentencing Code, the aggregation is automatic "once the sentencing court imposes a consecutive sentence[.]" *Gillespie*, 527 A.2d at 1065. The sentencing judge's failure to explicitly declare an aggregated minimum, where the General Assembly's intent was that "the prisoner serve the aggregate of all the minimum terms imposed under the various consecutive sentences[,]" is not legal error. *Gillespie*, 527 A.2d at 1065.

15

Accordingly, Moss was not deprived of any liberty interest resulting from the sentencing court's failure to state an aggregated minimum sentence and his argument is without support.

## VII.      Whether Moss Fully Served His Sentences

Finally, Moss argues that he is entitled to be released because "the only logical [statutory interpretation] of [S]ection 9757 [of the Sentencing Code] is that when a prisoner completes the minimum sentence on the first offense, the [p]risoner is constructively paroled to the detainer sentence." Moss Br. at 14. Moss is incorrect. As discussed, *supra*, he was **not** constructively paroled when he reached his minimum sentence date. Rather, parole is not automatic and is granted only at the Board's discretion. *See Merritt*. When Moss was released on parole on April 7, 2008, he still had 18 years, 10 months and 26 days remaining on his maximum sentence to be served if he was subsequently recommitted as a convicted parole violator. Thus, he has not served his sentence and he is not entitled to release.

## Conclusion

For all of the aforementioned reasons, the trial court properly denied Moss' Petition. Accordingly, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig Moss,                           :
                    Appellant         :
                                      :
            v.                        :
                                      :
SCI – Mahanoy Superintendent          :
Pennsylvania Board of                 :   No. 204 C.D. 2018
Probation and Parole                  :

## O R D E R

AND NOW, this 29th day of August, 2018, the Court of Common Pleas of the 39th Judicial District, Franklin County Branch's November 3, 2017 order is affirmed.


_____
ANNE E. COVEY, Judge