# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Selinda Lane,                          :
                        Petitioner    :
                                    :
         v.                             :    No. 299 C.D. 2019
                                    :    Submitted: August 23, 2019
Pennsylvania Board of                  :
Probation and Parole,                  :
                      Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: January 23, 2020**

Petitioner Selinda Lane (Lane), also known as Selinda Short, petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), dated September 20, 2018.[1] The Board denied Lane's request for administrative relief, thereby rejecting her claim that the Board erred by failing to

---

[1] Lane filed with this Court a seemingly untimely petition for review in which she avers facts in support of an appeal *nunc pro tunc*. The basis for the requested relief includes the Board's mailing of the final determination to an incorrect address and staffing issues at the Lycoming County Public Defender's Office. As directed by this Court's order dated April 3, 2019, the parties address the timeliness of Lane's petition for review in their briefs on the merits. The Board, in so doing, states that it "has no reason to believe or suspect that the professed reasons by [Lane's] counsel are anything but true," and that it "does not believe that the granting of [*nunc pro tunc* relief] would be unreasonable or an abuse of the Court's discretionary powers in this respect." (Respondent's Brief at 9-10.) The Court agrees with the assessment of the parties and, therefore, will consider the merits of the appeal now before us.

grant her credit for all time served at liberty on parole. For the reasons set forth below, we affirm.

On June 2, 2010, Lane pled guilty to receiving stolen property, forgery, identity theft, retail theft, and reckless endangerment. (Certified Record (C.R.) at 1-2.) The Court of Common Pleas of the 39th Judicial District (Franklin County Branch) sentenced Lane to a minimum term of incarceration of 4 months, 15 days and a maximum term of incarceration of 2 years for the offenses of receiving stolen property, forgery, identity theft, and one count of retail theft. (*Id.*) With respect to the remaining three counts of retail theft and the offense of reckless endangerment, the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) sentenced Lane to a minimum term of incarceration of 1 month and a maximum term of incarceration of 2 years. (*Id.*) The Board granted Lane parole on March 3, 2011. (*Id.* at 5.) Lane was released from confinement on August 1, 2011. (*Id.* at 8.) At the time of her parole, Lane had a maximum sentence date of January 4, 2020. (*Id.*) In addition to the standard conditions of her parole, the Board required Lane to report to the Atkins House in York, Pennsylvania, and complete a rehabilitation program immediately following her release from confinement. (*Id.* at 12.) Lane tested positive for drug use several times throughout her time on parole, including the following test dates: August 1, 2011, August 27, 2015, August 31, 2015, September 14, 2015, and September 21, 2015. (*Id.* at 39.)

Police arrested Lane on February 16, 2017, after finding 9 bags of cocaine and 10 bags of heroin at her home during a warranted police search. (*Id.* at 17.) That same day, the Cumberland County District Attorney charged Lane with three counts of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, Section 13(a)(30) of The Controlled Substance, Drug, Device & Cosmetic

2

Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30), and with Conspiracy to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, 18 Pa. C.S. § 903. (*Id.* at 43.) The Board issued a warrant to commit and detain Lane on February 17, 2017. (*Id.* at 18.) The Court of Common Pleas of Cumberland County set Lane's monetary bail on February 17, 2017, and readjusted Lane's bail on February 27, 2017; Lane posted bail on February 27, 2017. (*Id.* at 40, 42.) By Board decision dated March 22, 2017, the Board ordered Lane to be detained throughout the duration of the disposition of her new criminal charges. (*Id.* at 22.)

On June 27, 2017, Lane pled nolo contendere to Conspiracy to Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, 18 Pa. C.S. § 903. (*Id.* at 47-48.) The Court of Common Pleas of Cumberland County sentenced Lane to a minimum incarceration term of 1 year, 6 months, and a maximum incarceration term of 3 years. (*Id.* at 48.) Lane, therefore, was detained solely by the Board's warrant from the date that she posted bail on February 27, 2017, until her sentencing date of June 27, 2017. (*Id.* at 40, 42.) The Board issued a notice of charges and hearing to inform Lane of her upcoming revocation hearing before the Board on July 11, 2017. (*Id.* at 35.) Lane waived her right to a revocation hearing on July 13, 2017. (*Id.* at 26.) Within the Board's hearing report, dated August 11, 2017, the Board indicated that it should deny Lane credit for all time spent at liberty on parole because she was "selling heroin." (*Id.* at 29.) By Board decision recorded on August 30, 2017, and mailed on September 15, 2017, the Board recommitted Lane as a convicted parole violator (CPV) to serve an incarceration term of 15 months' backtime, thus, denying her credit for all time spent at liberty on parole because of her "poor supervision history."

(*Id.* at 54.)  After crediting Lane time for the 120 days she spent detained solely by the Board's warrant from February 27, 2017, until June 27, 2017, the Board recalculated Lane's parole violation maximum date to be September 26, 2025.  (*Id.* at 40, 54.)

Lane, through her attorney, sought administrative relief with the Board by filing an administrative remedies form on October 2, 2017, arguing that the 15 months' imposed backtime is excessive and that the Board abused its discretion in its recalculation of Lane's maximum sentence date by denying her credit for all time spent at liberty on parole.[2]  (*Id.* at 56-62.)  The Board received correspondence from Lane on May 22, 2018, inquiring about the status of her administrative remedies request, as neither she nor her attorney had received any documentation regarding her request for administrative relief.  (*Id.* at 68.)

On September 20, 2018, the Board denied Lane's requested relief, reasoning:

> [Lane] was released on parole on August 1, 2011, with a maximum sentence date of January 4, 2020.  At that point, 3078 days remained on her sentence.  The Board has the authority to establish a parole violation maximum date in cases of [CPVs].  Because she was recommitted as a [CPV], she is required to serve the remainder of her original term and is not entitled to credit for any periods of time at liberty on parole.  The record in this matter does not show that the Board abused its discretion when it did not award credit for time at liberty on parole.  [Lane] is entitled to 120 days of credit on her parole violation maximum date for the time she was detained solely by the Board from February 27, 2017[,] to June [2]7, 2017.

[2] As she was not sure if her attorney was submitting an administrative remedies form, Lane filed a separate administrative remedies form on October 1, 2017, challenging the Board's decision to deny her credit for all time spent at liberty on parole, noting that this was her first parole revocation as a CPV and she had been on, what she described as, the lowest level of parole with very little supervision needed.  (C.R. at 56-59.)

4

[Lane] was sentenced to state incarceration on June 27, 2017. Because [s]he was sentenced to state incarceration, she is required to serve her original sentence prior to the new sentence. However, that provision does not take effect until a parolee is recommitted as a [CPV]. Thus, she did not become available to commence service of her original sentence until the Board voted to recommit her as a parole violator on August 21, 2017. Adding 2958 days (3078-120) to August 21, 2017[,] [results in a] September 25, 2025 parole violation maximum sentence date. Finally, the record in this matter reflects that the recommitment period imposed in this case is not subject to challenge because it falls within the presumptive range for the new convictions.

(*Id.* at 73-74 (citations omitted).)

Lane now petitions this Court for review,[3] arguing that the Board abused its discretion by failing to grant her credit for all of the time spent at liberty on parole. When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006); *see also Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1133 n.5 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019).

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for parole and provides:

> The Board *may,* in its discretion, award credit to a parolee recommitted under paragraph (2)[4] for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole . . . is a crime of violence . . . or a crime requiring registration [as a sexual offender].
> >
> > (ii) The parolee was recommitted under [S]ection 6143 [of the Prisons and Parole Code, 61 Pa. C.S. § 6143,] (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.)[5]

---

[4] Section 6138(a)(2) of Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2), provides, in part:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1),* *shall be given no credit* for the time at liberty on parole.

(Emphasis added.)

[5] The Pennsylvania Supreme Court has held that, pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code, in order to properly exercise its own authority, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 475 (Pa. 2017). The Supreme Court specified that a "single[-]sentence explanation" given by the Board explaining its decision "is likely sufficient in most instances" to meet the *Pittman* standard. *Id.* at 475 n.12. Moreover, this Court has found that the statement "poor supervision history" is sufficient to meet the *Pittman* standard. *See Cuthbert v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1116 C.D. 2018, filed July 12, 2019), slip op. at 9-10; *see also Sullivan v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 883 C.D. 2018, filed April 18, 2019), slip op. at 17. We note, however, that this Court has also found the Board's reasoning of a CPV's "poor supervision history" inadequate to satisfy the *Pittman* standard when this reason is "facially inconsistent" with the CPV's clean parole record. *See Baldwin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 907 C.D. 2018, filed April 2, 2019), slip op. at 6 (holding that Board's stated reason—*i.e.,*

6

Lane argues that the Board abused its discretion in denying her credit for all the time she spent at liberty on parole, because the Board's stated reason for its denial of her credit—*i.e.*, "poor supervision history"—"has little or no support in the record." (Petitioner's Br. at 13.) Lane does not dispute that she had tested positive for drug use—first on the day she was released from confinement in August 2011 and then 4 times during a 25-day period in 2015. Rather, Lane appears to contend that the successful aspects of her parole supervision—*i.e.*, a 4-year period between her first and second positive urinalysis and another period of 17 months from her last positive urinalysis to her arrest on the new criminal charges—somehow negate her earlier violations of the conditions of parole. She appears to dicker over the Board's characterization of her parole supervision history as "poor." Lane cites no authority, and we find none, to illustrate that testing positive for illegal drug use several times while on parole combined with an arrest for possession and selling illegal drugs does not either constitute "poor supervision history" or provide a basis for the denial of credit. Furthermore, while Lane may have a difference of opinion as to whether she should be considered as having a "poor supervision history," the Board's characterization of it as such does not rise to the level of an abuse of discretion. An abuse of discretion requires more than just a difference of opinion, and Lane has not established that the Board, in denying credit to Lane, overrode or misapplied the law or exercised judgment that was "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala*, 909 A.2d at 1284. We must

---

"poor supervision history"—did not satisfy *Pittman* standard because it was "facially inconsistent with Baldwin's spotless record of compliance with parole supervision for almost nine years," during which time he had "no infractions of any kind."). Here, Lane does not argue that the Board failed to set forth its rationale for denial of credit in a contemporaneous statement; rather, Lane argues that the Board's rationale is insufficient.

conclude, therefore, that the Board did not abuse its discretion when it denied Lane credit for her time spent at liberty on parole.

Accordingly, we affirm the order of the Board.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Selinda Lane,                  :
             Petitioner     :
                        :
         v.                   :    No. 299 C.D. 2019
                        :
Pennsylvania Board of      :
Probation and Parole,       :
            Respondent    :

## **O R D E R**

AND NOW, this 23rd day of January, 2020, we AFFIRM the final determination of the Pennsylvania Board of Probation and Parole.

 

                                    _____
                                     P. KEVIN BROBSON, Judge