IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Jeron Daniels,                      :
                          Appellant       :
                                          :
           v.                             : No.  211 C.D. 2024
                                          : Submitted:  November 7, 2024
Adams County Dist. Atty.'s Office, et     :
al.; Michelle A. Henry, Atty. General     :
(Commwlth. of Pa.); and Kathy J.          :
Brittain, et al. (Superintendent SCI-     :
Frackville)                               :


OPINION NOT REPORTED

MEMORANDUM OPINION[1]
PER CURIAM                                    FILED:  March 21, 2025


       Jerry Jeron Daniels (Daniels), *pro se*, appeals the Court of Common Pleas of

Adams County's (trial court) order dated February 12, 2024 (Order) sustaining the

preliminary objections (POs) filed by the Adams County District Attorney's Office

---

[1] The vote of the panel of judges that resolved this case resulted in a 2 to 1 vote to retain jurisdiction rather than transfer the case to the Pennsylvania Superior Court.  However, in keeping with this Court's internal operating procedures, all commissioned judges voted on this opinion (including those who were not on the panel).  This resulted in the voting judges being evenly split regarding the proper disposition of this matter, again regarding whether to retain or transfer the case. Accordingly, this opinion is being filed "as circulated," pursuant to Section 256(b) of this Court's internal operating procedures, 210 Pa. Code § 69.256(b).

(Commonwealth) and dismissing Daniels' Amended Petition for Habeas Corpus[2] (Amended Petition) with prejudice. After careful review, we affirm.[3]

---

[2] The trial court refers to the Amended Petition as the "complaint" in its Order and Pa.R.A.P. 1925(b) Opinion.

[3] The Post Conviction Relief Act (PCRA) is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . ." 42 Pa.C.S. § 9542. Original jurisdiction over a petition seeking PCRA relief shall be in the court of common pleas. 42 Pa.C.S. § 9545(a). Appellate jurisdiction for PCRA relief properly belongs in the Pennsylvania Superior Court. *See* 42 Pa.C.S. § 742. Typically, when a matter is brought in a court that does not have jurisdiction, the court transfers the record to the proper tribunal rather than dismissing the matter. 42 Pa.C.S. § 5103(a) (transfer of erroneously filed matters). However, Section 704 of the Judicial Code states:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of this title, or of any general rule adopted pursuant to section 503 (relating to reassignment of matters), vesting jurisdiction of such appeal in another appellate court.

42 Pa.C.S. § 704(a). Pennsylvania Rules of Appellate Procedure provide that failure to file an objection to jurisdiction on or before the last day for the filing of the record shall operate to perfect the appellate jurisdiction. Pa.R.A.P. 741(a). The Commonwealth did not timely object.

In this instance, for the sake of judicial economy and because jurisdiction vested with our Court pursuant to Section 704, we decline to transfer Daniels' Amended Petition, as Section 9545 of the PCRA requires that a PCRA petition must be filed within one year of the date a petition's judgment becomes final. Daniels' Petition seeking post-conviction relief from a 2006 conviction is untimely, and since it did not invoke any exception for the late filing, dismissal rather than transfer is warranted. *See Sierra v. Commonwealth* (Pa. Cmwlth., No. 80 C.D. 2021, filed October 6, 2021) ("Mr. Sierra also did not plead any of the statutory exceptions to the PCRA's one-year time bar in his Writ of Error. Thus, the trial court correctly concluded that it did not have jurisdiction to consider the merits of Mr. Sierra's Writ of Error."); *see Bethlehem Twp. v. Emrick*, 465 A.2d 1085, 1086 n.1 (Pa. Cmwlth. 1983) ("Jurisdiction over this appeal properly lies in the Superior Court[.] . . . However, the appellees have failed to object to our jurisdiction, and consequently, we have the discretion to decide this appeal on its merits."); *Commonwealth v. Smith*, 4 A.3d 227, 229 n.2 (Pa. Cmwlth. 2010) ("[J]urisdiction lies with the Superior Court. However, as no party has objected to jurisdiction, we will hear this matter, as jurisdiction has been [']perfected['] pursuant to 42 Pa.C.S. § 704.").

2

**Background**

On December 11, 2006, an Adams County jury found Daniels guilty of rape and related charges.[4] The trial court sentenced Daniels to an aggregate sentence of 11 years minimum to 22 years maximum in a state correctional institution (SCI). Daniels is currently incarcerated at SCI-Frackville.[5]

In July 2023, Daniels filed a Petition for Habeas Corpus (Petition) in this Court at docket number 336 M.D. 2023. *Daniels v. Adams Cty. Dist. Atty's Off.* (Pa. Cmwlth., No. 336 M.D. 2023, transferred Sept. 25, 2023); Original Record (O.R.), Item No. 6 at 26-29. In the Petition, Daniels requests that he be released because his due process rights have been violated since his arrest and continued detention were "procured through FRAUD, TRICKERY, COLLUSION, AND SUBORNATION." O.R., Item No. 6 at 26-29 (emphasis in original). The Commonwealth filed preliminary objections (POs) asserting (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) failure to conform to law or rule of court, (3) insufficient specificity of a pleading, and (4) legal insufficiency of a pleading. *Id.*, Item No. 6 at 9-23. By Order dated September 25, 2023, this Court sustained the PO alleging lack of subject matter jurisdiction and transferred the matter, including the remaining POs, to the trial court. *Id.*, Item No. 6 at 4. Specifically, this Court concluded it lacked jurisdiction over actions for habeas corpus. *Id.*; *see* 42 Pa.C.S. § 761.

On October 26, 2023, the trial court directed the Adams County Prothonotary's Office to open a docket and assign a number to the pleadings

---

[4] In addition to the facts alleged in Daniels' pleadings, we also consider information contained in the public dockets as this Court may take judicial notice of information contained in public dockets. *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018).

[5] *See* Jerry Jeron Daniels, Inmate Search Results, Pennsylvania Department of Corrections, https://inmatelocator.cor.pa.gov/#/Result (last visited March 20, 2025).

captioned at Commonwealth Court docket number 336 M.D. 2023. *Id.*, Item No. 7 at 1. The trial court further ordered the Commonwealth to file a brief in support of its POs and then directed Daniels to file an answer and a brief in opposition. *Id.*

On November 13, 2023, Daniels filed an answer to the Commonwealth's POs asserting the trial court's jurisdiction was never invoked because he was never properly charged with a crime on January 1, 2006. *Id.*, Item No. 8. On November 20, 2023, the trial court sustained the Commonwealth's POs to (1) the sufficiency of the pleading, and (2) failure to conform to law. *Id.*, Item No. 10. Furthermore, the trial court granted Daniels 20 days to amend the Petition and overruled the Commonwealth's PO to subject matter jurisdiction. *Id.*

On December 14, 2023,[6] Daniels filed his Amended Petition with the trial court requesting a writ of habeas corpus and immediate release for alleged violations of his state and federal constitutional rights. *Id.*, Item No. 12. On December 29, 2023, the Commonwealth filed POs to the Amended Petition, as well as a brief in support of the POs based on (1) lack of subject matter jurisdiction because this is a matter governed under the Post Conviction Relief Act (PCRA)[7] and is untimely, (2) failure of the petition to conform to the Pennsylvania Rules of Civil Procedure, (3) insufficient specificity of a pleading for not containing enough particularized facts, and (4) legal insufficiency of a pleading because the law is clear that Daniels is not entitled to recovery based on the facts alleged in his Amended Petition. *Id.*, Item No. 15.

---

[6] Daniels' letter to the Adams County Prothonotary containing his Amended Petition for Habeas Corpus is dated December 7, 2023. However, the Amended Petition was not docketed until December 14, 2023.

[7] Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

On January 16, 2024, Daniels filed an Answer to the POs as well as a brief in opposition. *Id.*, Item No. 18. In his answer and brief, Daniels denies that the trial court lacked jurisdiction because he raised issues of unlawful confinement related to alleged violations of his due process rights, and the trial court has original jurisdiction over issues of habeas corpus.[8] *Id.*

On February 12, 2024, the trial court issued its Order sustaining the Commonwealth's POs and dismissing the Amended Petition with prejudice. *Id.*, Item No. 21. Specifically, in the trial court's Pa.R.A.P. 1925(b) opinion, it states:

---

[8] In Daniels' Response Brief to the POs, Daniels raised numerous questions and arguments for the court that include the following:

(1.) Is it [sic] Legality of Confinement a non-waivable issue. and [sic] when can it be brought before the Court?

(2.) Is the Writ of Habeas Corpus a Civil Petition/Remedy even if it challenges the confinement of a citizen resulting from a criminal proceeding?

(3.) It is well settled that "[an] inquiry into the validity of a sentence is a question as to the legality of the sentence[,] a non-waivable matter[.]"

(4.) The same reasoning would suggest that an inquiry into the validity of confinement is not non-waivable matter and can be raised at any time. . . . Where it mentions that the Writ of [H]abeas Corpus is an indefeasible remedy of the Citizen against illegal or arbitrary imprisonment[] the Writ cannot be suspended and can only be "regulated to be once in six months or a year" at most. Therefore[, Daniels] has an indefeasible right to be heard on this issues.

(5.) Habeas Corpus is an appropriate remedy when issues being raised are not cognizable under [PCRA] [Daniels'] issues of unlawful confinement is not recognized under the [PCRA]. . . . Therefore, since the writ of Habeas Corpus is a Civil remedy and not a criminal proceeding it must be brought as a civil action in the Common Pleas Court Civil Division.

(6.) Also, since [Daniels] is being unlawfully detained because of Adams County, [sic] then this being where the action occurred. The Court of Common Pleas Adams County Civil Division is the appropriate place at which this Civil action be heard.
 . . . .

O.R., Item No. 18., at ii-iii (internal citations omitted).

Unquestionably, it appears that the claims [the] Petition is attempting to raise are clearly encompassed within the statutory remedies provided in the P.C.R.A. as they appear to raise due process challenges. 42 Pa.C.S. § 9543(a)(2)(i) provides eligibility for relief to a criminal defendant whose due process rights have been violated in contradiction to the United States and Pennsylvania Constitutions. Accordingly, this Court lacks jurisdiction as Petitioner has had ample opportunity to raise the issues of relief through statutorily prescribed procedures.

*Id.*, Item No. 24.

Daniels now appeals to this Court. On appeal, Daniels argues he has been unlawfully detained since January 1, 2006, because no arrest warrant was ever issued, no complaint was filed, and he was not properly arraigned.[9] The Commonwealth responds that (1) this Court lacks jurisdiction to consider Daniels' appeal from the Order, (2) the trial court lacked jurisdiction over Daniels' Amended Petition, and (3) the trial court properly sustained the Commonwealth's POs.

**Discussion**

Pennsylvania Rule of Civil Procedure 1028 provides that preliminary objections may be filed on the grounds of, *inter alia*, (1) lack of subject matter jurisdiction, (2) failure to conform the pleading to law or rule of court, (3) insufficient specificity in a pleading, and (4) legal insufficiency of a pleading. Pa.R.Civ.P. 1028(a)(1)-(4). This Court's review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Brown v. Clark*, 184 A.3d 1028, 1029 n.3 (Pa. Cmwlth. 2018). A trial court may sustain preliminary objections only

---

[9] The Statement of Questions Involved from Daniels includes: "WHETHER COURT OF COMMON PLEAS LACKED SUBJECT MATTER JURISDICTION? (1.) WHERE NO ARREST WARRANT WAS EVER ISSUED OR RETURNED SERVED ON JANUARY 1, 2006. (2.) WHERE NO WRITTEN COMPLAINT WAS FILED ON JANUARY 1, 2006. (3.) WHETHER LACKED [sic] FOR PRELIMINARY ARRAIGNMENT. (4.) WHETHER [Daniels] HAS BEEN DEPRIVED OF HIS LIBERTY BEING UNLAWFULLY INCARCERATED OVER 18+ YEARS." Daniels' Br. at 4 (capitalization in original).

6

if it appears with certainty that the law will not allow recovery. *Id.* All well-pleaded facts in the complaint and all reasonable inferences from those facts are accepted as true. *Id.* However, a court need not accept as true unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.*

The PCRA provides an action for persons convicted of crimes they did not commit and persons serving illegal sentences to obtain collateral relief. 42 Pa.C.S. § 9542. For an individual to be entitled to relief under the PCRA, the petitioner must meet certain criteria outlined in Section 9543.[10] *See* 42 Pa.C.S. § 9543(a).

---

[10] For a petitioner to be eligible for PCRA relief, they must plead and prove beyond a reasonable doubt the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
(i)      currently serving a sentence of imprisonment, probation or parole for the crime;
(ii)      awaiting execution of a sentence of death for the crime;
(iii)      serving a sentence which must expire before the person may commence serving the disputed sentence; or
(iv)      has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon [deoxyribonucleic acid (DNA)] evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).
(2) That the conviction or sentence resulted from one or more of the following:
(i)      A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence would have taken place.
(ii)      Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
(iii)      A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

**(Footnote continued on next page…)**

7

A petition filed under the PCRA must be filed within one year of the date the judgment becomes final, unless the petition alleges and proves (1) the failure to raise the claim previously was the result of interference by government officials, (2) the facts the claim is predicated on were not known to the petitioner and could not have been ascertained by due diligence, and (3) the right is one recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period and has been held to apply retroactively. 42 Pa.C.S. § 9545(b). A judgment becomes final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(3). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." *Moss*, 194 A.3d at 1139 (internal citations omitted).

Here, Daniels challenges his 2006 criminal convictions. Daniels' Br. at 4. The trial court sentenced Daniels on these convictions on February 16, 2007. Following sentencing, Daniels pursued relief under the PCRA as well as appeals to the Pennsylvania Superior Court which concluded in October 2018.[11]

---

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) . . . .

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S. § 9543(a).

[11] Daniels did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

8

Daniels filed his initial Petition in July 2023 in this Court, well past the time for filing a timely PCRA petition. *See* Pa.R.A.P. 1113(a). Daniels did not plead any of the PCRA's statutory exceptions in either his initial Petition or his Amended Petition. In Daniels' November 13, 2023 Answer, it appears he agrees the trial court lacks jurisdiction, although his reasoning is the trial court never had jurisdiction of his criminal case. Notably, issues of whether the underlying charges were in a tribunal without jurisdiction are those governed under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(viii). Since Daniels' claims on appeal are those governed under the PCRA, and Daniels is past the time to timely file a PCRA action, the trial court properly concluded it lacked jurisdiction over Daniels' Amended Petition.

**Conclusion**

Daniels filed his Petition outside the jurisdictional deadline outlined in Section 9545(a) of the PCRA, and he failed to plead any of the PCRA's statutory exceptions. Thus, the trial court did not err in its determination that it lacked jurisdiction.

Accordingly, the trial court's Order sustaining the Commonwealth's POs and dismissing Daniels' Amended Petition is affirmed.[12]

---

[12] This decision should not be construed as to conflict with cases filed in this Court's original jurisdiction wherein we transfer to the appropriate trial court. *See Green v. Wolf* (Pa. Cmwlth., No. 336 M.D. 2021, transferred July 5, 2022). In those cases, 42 Pa.C.S. § 704 is not triggered. In this appellate jurisdiction case, section 704 provides that jurisdiction vested in this Court because the Commonwealth did not timely object to our Court disposing of the case.

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Jeron Daniels, : 
                Appellant :
                      :
        v. : No. 211 C.D. 2024
                      :
Adams County Dist. Atty.'s Office, et :
al.; Michelle A. Henry, Atty. General :
(Commwlth. of Pa.); and Kathy J. :
Brittain, et al. (Superintendent SCI- :
Frackville) :

**PER CURIAM**            **O R D E R**

    **AND NOW**, this 21st day of March 2025, the Court of Common Pleas of Adams County's February 12, 2024 order is **AFFIRMED**.