Willie Debnam, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, February 4, 1983:

Petitioner, Willie Debnam, appeals from the decision of the Board of Probation and Parole (Board) denying Petitioner administrative relief from the Board's refusal to give Petitioner credit on his new maximum sentence for the year he spent at the State Correctional Institution at Camp Hill on ''constructive parole''.

Both the Petitioner and the Board agree on the relevant facts. Petitioner was incarcerated at the State Correctional Institution at Camp Hill. At the expiration of his minimum sentence for offenses in Philadelphia County, he was paroled to begin serving a sentence for offenses in Montgomery County. Since he was not actually released from custody, the parole was constructive. Upon his subsequent re-

lease from the institution, Petitioner was arrested and convicted for other offenses. After a parole violation hearing, the Board recomputed Petitioner's maximum sentence without giving him credit for the one year of constructive parole.

The pertinent statute is Section 21.1 of the Act of August 6, 1941, P.L. 861, 61 P.S. §331.21a(a) which states, in pertinent part:

If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

Petitioner's argument, of course, is that since he was not "at liberty" during the period of his constructive parole, he must be given credit on his new maximum sentence for the time he spent in that classification. A similar argument was made by a prisoner and rejected by our Supreme Court in *Hines v. Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980). Citing language from *Haun v. Cavell*, 190 Pa. Superior Ct. 346, 154 A.2d 257 (1959), our Supreme Court held that "at liberty" meant at liberty from the particular sentence for which the prisoner was originally confined; it did not mean freedom from confinement.

Petitioner was aware of the *Haun* case but makes no reference to *Hines*. Petitioner argues that a different interpretation should be given to the statute from that adopted by the Superior Court in *Haun* in light of the provisions of Sections 1903 and 1928 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1903, 1928. Neither of these statutory provisions varies substantially from the former statutory language as found in Sections 33 and 58 of the Statu-

tory Construction Act, Act of May 28, 1937, P.L. 1019, 46 P.S. §§533 and 558. In addition, of course, *Hines* was decided after the consolidation of our laws.

The action of the Board must be affirmed.

### ORDER

It is ordered that the decision of the Board of Probation and Parole be affirmed.