510 A.2d 866

Edwin Rosenberger, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 21, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Ferris P. Webby,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, June 5, 1986:

Petitioner, Edwin Rosenberger, petitions for review of a denial of administrative relief from a decision of the Pennsylvania Board of Probation and Parole (Board) which held that petitioner was not entitled to receive credit on his original sentence for such period of confinement beginning from the date of his parole to a federal institution, to the date of his new arrest. We affirm the Board's decision.

On April 2, 1980, petitioner was sentenced to a prison term of two and one-half to five years for possession, and possession with intent to deliver a controlled substance, by the Court of Common Pleas of Bucks County. Subsequently, petitioner was convicted in Federal Court on drug-related charges and received a concurrent five year sentence.

Petitioner served two and one-half years on his first sentence and was then paroled by the Board to serve his federal sentence. Subsequently, petitioner was transferred to the Federal Community Treatment Center program in New Jersey. While petitioner was on furlough from the Center, he was charged and convicted for aggravated assault. On November 11, 1983, the Board lodged a detainer against petitioner. After a violation hearing, the Board ordered petitioner to serve the remainder of his state sentence of two and one-half years. Petitioner was given no credit for time served while serving constructive parole in the federal facility.

Petitioner contends that since he was paroled to a federal institution, he was taken out of the jurisdiction of the Board, and therefore the Board has no right to deny him credit for time served while on constructive parole. While this contention is novel, we must reject it.

The fact remains that while petitioner was confined to a federal facility, he was still "at liberty on parole" from the state sentence. It is well established that the concept of " 'at liberty on parole' is not at liberty from all confinement, but at liberty from confinement of the particular sentence from which the convict is being reentered as a parole violator." *Commonwealth ex rel. Haun v. Cavell*, 190 Pa. Superior Ct. 346, 353, 154 A.2d 257, 261 (1959). A person on liberty from parole from a first sentence, while incarcerated on a second sentence, is not entitled to credit against his original sentence from the constructive parole time served when that parole has been revoked for criminal parole violations. *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980).

The fact that petitioner was serving his second sentence in a federal facility has no bearing on the Board's authority to recommit him as a parole violator and deny him credit for constructive time served.

We therefore affirm the Board's decision.

ORDER

Now, June 5, 1986, the decision of the Pennsylvania Board of Probation and Parole denying administrative relief, dated December 3, 1984, is affirmed.