548 A.2d 380

Victor J. Hernandez, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

*Thomas W. Bailey,* Assistant Public Defender, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, September 30, 1988:

Victor J. Hernandez (Petitioner) appeals an order of the Pennsylvania Board of Probation and Parole (Board)

denying his request for administrative relief from a Board order recommitting him to the State Correctional Institution as a convicted parole violator.

On October 5, 1985, Petitioner was paroled by the Board from a sentence of one to three years imposed as a result of his conviction of the offense of risking a catastrophe.[1] Petitioner was not released from confinement at that time but remained in custody pursuant to an Immigration and Naturalization Services (INS) detainer. Petitioner was confined on the INS detainer at the Salem County, New Jersey Correctional Facility until his release on August 4, 1986.

In February of 1987, Petitioner sold a half-ounce of Cocaine to an undercover narcotics agent in Harrisburg. As a result of this transaction, he was arrested and charged with unlawful delivery of a controlled substance in May of 1987. He was later convicted of the charge on September 18, 1987.

Petitioner testified at a parole revocation hearing before the Board on December 9, 1987. By order recorded on that date, the Board recommitted Petitioner as a convicted parole violator and imposed twelve months backtime.

Petitioner filed a request for administrative relief dated January 29, 1988, which was denied. On appeal to this Court, Petitioner contends he should receive credit against his maximum sentence for the ten months[2] he was incarcerated on the INS detainer.[3]

---

[1] Section 3302(b) of the Crimes Code, 18 Pa. C. S. §3302(b).

[2] In his brief, Petitioner contends he should receive credit for the *nine* months he was incarcerated on the INS detainer. However, we note that he was detained by the INS from October 7, 1986 through August 4, 1987, a period of approximately ten months.

[3] Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, our scope of review is limited to determining whether the Board's order is in accordance with the law, whether

Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* (Parole Act),[4] deals with the recommitment of convicted parole violators. That section provides that if the Board orders a parolee recommitted, "he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and *he shall be given no credit for the time at liberty on parole."* (Emphasis added.) Petitioner is thus arguing that since the statute explicitly provides that he shall not be given credit for time at liberty, he should be given credit for time he spent incarcerated on the INS detainer.

In *Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 148, 420 A.2d 381, 384 (1980), our Supreme Court, quoting *Haun v. Cavell,* 190 Pa. Superior Ct. 346, 353, 154 A.2d 257, 261 (1959), held that the words "at liberty on parole" did not mean liberty from all confinement but "at liberty from confinement on the particular sentence for which the convict is being sentenced as a parole violator." Thus the Court held that the time a parolee spends incarcerated on a sentence from a second conviction constitutes "constructive parole" and may not be used as credit against the original sentence.

We applied the holding in *Hines* in *Debnam v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 572, 455 A.2d 297 (1983). The prisoner in that case was paroled at the expiration of the minimum sentence received upon his conviction of offenses in Philadelphia County. At that time, he began

---

necessary factual findings are supported by substantial evidence and whether Petitioner's constitutional rights were violated. *Cameron v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985).

[4] 61 P.S. §331.21a.

serving a sentence for other offenses in Montgomery County. As he remained incarcerated, his parole was constructive. After his eventual release, Debnam was arrested and convicted of other offenses. Citing *Hines*, we upheld the Board's decision which recomputed Debnam's maximum sentence without giving him credit for the one year of constructive parole.

Petitioner maintains that the theory behind constructive parole is to prevent a parolee from receiving credit toward two separate sentences for a single period of incarceration. He then argues that the interpretation given to the words "at liberty on parole" in *Hines* should not apply to his situation as he was not receiving credit toward an underlying sentence while on constructive parole. Instead he was being detained while the INS determined his deportability.[5]

In *Debnam* and *Hines*, the parolees were incarcerated during the period of constructive parole on sentences which were for separate offenses from those from which they were paroled. Although Petitioner was not serving a specific sentence when incarcerated pursuant to the INS detainer, his confinement during those ten months was clearly unrelated to the original sentence from which he was paroled. Our Supreme Court, in *Cox v. Board of Probation and Parole*, 507 Pa. 614, 493 A.2d 680 (1985), stated that a parolee may be entitled to credit against his maximum sentence for time spent in a drug rehabilitation program. However, participation in the program was made a condition of parole and therefore applied to the particular sentence from which parole was granted.

---

[5] The INS may detain an alien pending a determination of deportability. Section 242(a) of the Immigration and Nationality Act, 8 U.S.C. §1252(a).

While Petitioner was confined pursuant to the INS detainer, he was still "at liberty on parole" from the state sentence.[6] As the Supreme Court stated in *Haun* at 353, 154 A.2d at 261:

> During the time that a convict may be on parole from a particular offense he might be confined in a Pennsylvania prison on another offense, or in a prison of another state, or in a federal prison, or in a mental institution, or in an enemy prison camp during a war. It was not the intent of the legislature to have the words 'at liberty' to mean freedom from confinement under all these and other conceivable circumstances.

Although Petitioner was not serving time on a specific sentence while incarcerated on the INS detainer, he was nonetheless on constructive parole for purposes of Section 21.1a of the Parole Act. We therefore hold that Petitioner may not seek credit against a sentence imposed by the Commonwealth for time spent confined on a detainer issued by the federal government acting through the INS.

Accordingly, we will affirm the Board's order.

### ORDER

AND NOW, this 30th day of September, 1988, the order of the Pennsylvania Board of Probation and Parole dated February 22, 1988, at Parole No. 4075-R, denying the request for administrative relief filed by Victor J. Hernandez, is affirmed.

---

[6] *See, Rosenberger v. Pennsylvania Board of Probation and Parole*, 98 Pa. Commonwealth Ct. 19, 510 A.2d 866 (1986), where we held that a prisoner who was paroled from a state sentence to serve a federal sentence, is not entitled to a credit against his original sentence from the constructive parole time served in the federal facility when his parole has been revoked for criminal violations.