566 A.2d 629

Timothy W. WIDENER, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 24, 1989.

Decided April 12, 1989.

David Crowley, First Asst. Public Defender, for petitioner.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Timothy W. Widener (Petitioner) petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board) which denied his petition for credit for time spent in confinement in Maryland against the Board's order recommitting Petitioner as a technical and convicted parole violator for twenty four months. We affirm.

On August 1, 1981, Petitioner was originally paroled by the Board and returned to his home state of Maryland under a plan of parole in that state. On November 14, 1981, Petitioner was arrested in Maryland on various offenses. On March 19, 1982, he was convicted of selling forged prescriptions and sentenced to a term of four years in prison. On September 3, 1982, he was convicted of possession of a controlled substance and sentenced to three years probation. On January 4, 1983, he was convicted of robbery and firearms violations and was sentenced to a

term of fifteen years in prison on the robbery charge with another concurrent term of ten years for the firearms violation. A Board detainer was also lodged against Petitioner.

Petitioner's forged prescription sentence expired March 14, 1986, and on that date he began serving his robbery sentence. However, Petitioner had appealed his robbery conviction and a Maryland appeals court subsequently vacated it and granted Petitioner a new trial. Petitioner was granted bail on the robbery charge pending retrial on April 22, 1988. On that date the Board took Petitioner into custody pursuant to its outstanding detainer and transported him to Pennsylvania for a parole violation hearing. On July 13, 1988, the Board recommitted Petitioner as a technical and convicted parole violator due to the two other Maryland convictions for a total of twenty four months.

It is undisputed that from March 15, 1986 to April 22, 1988 Petitioner was confined in Maryland pursuant to a robbery conviction that an appeals court subsequently vacated. The issue is whether Petitioner is entitled to claim this time as a credit towards his twenty four month recommittment as a parole violator.

 Normally, a convicted parole violator serving a prison sentence other than that from which parole was granted is deemed to be "at liberty on parole," or constructively paroled. *See Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980); *Hernandez v. Pennsylvania Board of Probation and Parole,* 120 Pa.Commonwealth Ct. 171, 548 A.2d 380 (1988). The parole violator receives no credit towards his recommittment sentence until the sentence he has been serving on the new criminal conviction has expired. *Hernandez; Debnam v. Pennsylvania Board of Probation and Parole,* 71 Pa.Commonwealth Ct. 572, 455 A.2d 297 (1983).

 However, in the present case the two years that Petitioner spent in prison for robbery have been vacated. During that period Petitioner was also under a Board detainer. Petitioner asserts that he cannot be constructive-

ly paroled under a criminal conviction that no longer exists. Petitioner asserts that since he has been convicted of no crime but has served two years in prison, this time is properly applied against his parole violation recommitment sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). The Board asserts that Petitioner's application is premature and that credit for time served in Maryland may only be applied against his Pennsylvania sentence if Petitioner is acquitted of robbery in Maryland on retrial.

Applications for credit due to time in prison served turn on the reason the petitioner is being held in prison. It is undisputed that Petitioner was incarcerated from March 15, 1986 to April 22, 1988 on a Maryland robbery charge. Petitioner would not have been released from a Maryland prison during this period had the Board's detainer not existed. Consequently, we cannot see how this prison time is related to or transferrable to Petitioner's parole violation recommitment sentence.

*Gaito* by its owns terms applies only to pre-trial custody time. *Gaito* at 488 Pa. at 404, n. 6, 412 A.2d at 571, n. 6. The present case deals with post-*conviction* time. Under *Gaito* and *Rodrigues v. Pennsylvania Board of Probation and Parole*, 44 Pa.Commonwealth Ct. 68, 403 A.2d 184 (1979), credit for time served is only applicable if Petitioner has been granted bail on the new criminal charge. In the present case, bail on the Maryland robbery charge was granted and made on April 22, 1988, after the original robbery conviction was vacated. Petitioner seeks credit for time served from March 15, 1986 to April 22, 1988. Since this time was served before Petitioner made bail on the robbery charge, it is properly credited to the robbery charge and not to Petitioner's original Pennsylvania sentence. The order of the Board is affirmed.

## ORDER

NOW, April 12, 1989, the order of the Pennsylvania Board of Probation and Parole at No. 8901–M, dated September 12, 1988, is hereby affirmed.