Jodie Howell, : 
          Petitioner : 
           : 
          v. : 
           : 
Pennsylvania Board of : 
Probation and Parole, :   No. 931 C.D. 2015
          Respondent :   Submitted: October 23, 2015

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MARY HANNAH LEAVITT, Judge[1]
               HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: March 2, 2016

      Jodie Howell (Howell), a parolee incarcerated at the State Correctional Institution (SCI) – Fayette, petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 7, 2015 order upholding Howell's maximum sentence release date recalculation. The sole issue before this Court is whether the Board erred in its recalculation of Howell's maximum sentence release date.[2] After review, we affirm.

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[2] Howell also states in his brief that "his due process rights were violated **in the manner in which the hearings were conducted** and the manner in which credit time was applied." Howell's Br. at 10 (emphasis added). However, Howell does not further discuss or specify alleged errors in "the manner in which the hearings were conducted." *Id*. In addition, Howell argues that his "[c]onstitutional [r]ights were violated to Due Process protection [sic] since he was not informed that his 'street time' was at risk of being taken by the Board." *Id*. at 11. Howell did not further address or develop this argument. Accordingly, these arguments are waived. *See Aveline v. Pa. Bd. of Probation & Parole*, 729 A.2d 1254 (Pa. Cmwlth. 1999) (issues raised in petition for review but not raised or developed in brief are waived).

On November 25, 2002, Howell was sentenced to 4 to 8 years for the manufacture, delivery or possession with intent to manufacture or deliver a controlled substance (First Sentence). The maximum release date for this sentence was June 27, 2012.

On March 3, 2008, the Board paroled Howell from his First Sentence. On February 12, 2009, Howell pled guilty to charges involving the manufacture, delivery or possession with intent to manufacture or deliver a controlled substance and resisting arrest. He was sentenced to 1 year, 1 month and 15 days to 3 years. The maximum release date for this sentence was June 13, 2013 (Second Sentence).

On July 30, 2010, the Board released Howell on parole from his First Sentence, but held Howell on a detainer relative to his Second Sentence. Thus, although Howell was paroled from his First Sentence, he was on "constructive parole"[3] in that he remained in prison under the Board's detainer[4] related to his Second Sentence. On July 18, 2011, Howell was released on parole from the Second Sentence.

On February 25, 2012, the Board lodged a detainer against Howell for technical parole violations. On March 6, 2012, the Board issued a Notice of Charges and Hearing related to the technical parole violations. Howell signed a Waiver of Violation Hearing and Counsel/Admission admitting that he violated the terms of his parole.

On March 12, 2012, Howell was arrested in Fayette County on new criminal charges (Fayette County Matter). On April 23, 2012, the Board recommitted

---

[3] "A prisoner on constructive parole is not released from prison but is paroled from his or her original sentence to immediately begin serving a new sentence." *Calloway v. Pa. Bd. of Prob. & Parole*, 857 A.2d 218, 220 n.4 (Pa. Cmwlth. 2004).

[4] "If a parolee is arrested while on . . . parole, the Board may place a detainer against him which will prevent the parolee from making bail, pending the disposition of the new charges or other action of the court." 37 Pa. Code § 65.5(2).

Howell as a technical parole violator to serve his unexpired term of 1 year, 4 months and 23 days. Howell remained confined on the Board's detainer until the Board lifted its detainer on July 18, 2013, Howell's original maximum date with delinquency time added. On August 2, 2013, Howell was arrested on new criminal charges in Westmoreland County (Westmoreland County Matter). On August 5, 2013, Howell posted bail on the Westmoreland County charges. On April 30, 2014, Howell pled guilty in the Fayette County Matter to two counts of Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, and one count of Intentional Possession of a Controlled Substance by a Person Not Registered, and on August 19, 2014, was sentenced to serve 2½ to 5 years in a state correctional institution. On August 20, 2014, the Board re-lodged its detainer against Howell. On October 31, 2014, Howell pled guilty in Westmoreland County to Flight to Avoid Apprehension. Howell was sentenced to 11½ to 23 months in prison. Howell was paroled from the sentence in the Westmoreland County Matter effective January 15, 2015.

On September 16, 2014 and November 19, 2014, Howell waived his revocation hearings related to the Fayette County Matter and the Westmoreland County Matter, respectively, and admitted being convicted of the charges. By Board decisions mailed on November 17, 2014 and March 6, 2015, the Board recommitted Howell as a convicted parole violator. The Board's March 6, 2015 decision recalculated Howell's maximum sentence date from June 27, 2012 to July 3, 2015. Howell was not given credit for the period July 30, 2010 to July 18, 2011 – the time he was paroled from his First Sentence, but remained confined relative to his Second Sentence. Howell filed a petition for administrative review of the Board's

recalculation of his maximum sentence. On May 7, 2015, the Board upheld its calculation. Howell appealed to this Court.[5]

Howell argues that he is entitled to credit for the period he was on parole from his First Sentence, but incarcerated on his Second Sentence because he was not truly at **liberty on parole** since he was confined under the Board's detainer - incarcerated at the same institution, adhering to the same rules and regulations, and only his inmate number had changed.

Section 6138 of the Prisons and Parole Code provides, in relevant part:

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which . . . the parolee pleads guilty . . ., may at the discretion of the [B]oard be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the **parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole.**[6]

---

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[6] Section 6138(a)(2.1) of the Prisons and Parole Code provides:

The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

. . . .

**(c) Technical violators.--**

(1) A parolee under the jurisdiction of the board who violates the terms and conditions of his parole, other than by the commission of a new crime of which . . . the parolee pleads guilty . . . , may be detained pending a hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing. . . .

. . . .

(2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.

(3) The remainder shall be computed by the [B]oard from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the [B]oard.

61 Pa.C.S. § 6138 (text emphasis added).

This Court has held:

It is clear from a plain reading of the statute, that while *technical* parole violators are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences, *convicted* parole violators, on the other hand, are not entitled to any credit for street-time.[7] Consequently, when a parolee is recommitted due to criminal conviction,

---

(ii) The parolee was recommitted under [S]ection 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2.1). Howell has not argued (or provided any basis to support such an argument) that the Board abused its discretion under Section 6138(a)(2.1) of the Prisons and Parole Code in failing to award him credit for time at liberty on parole. Thus, we do not address the issue.

[7] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

his maximum sentence date may be extended to account for all street[]time, regardless of good or delinquent standing.

*Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 598-99 (Pa. Cmwlth. 2011); *see also Houser v. Pa. Bd. of Prob. & Parole*, 682 A.2d 1365 (Pa. Cmwlth. 1996).

Our Supreme Court has held that "one who is on constructive parole is at liberty on parole **on that particular sentence**, and is not entitled to credit against his original sentence for time spent on constructive parole." *Merritt v. Pa. Bd. of Prob. & Parole*, 574 A.2d 597, 580 (Pa. 1990) (emphasis added); *see also Hernandez v. Pa. Bd. of Prob. & Parole*, 548 A.2d 380 (Pa. Cmwlth. 1988); *Rosenberger v. Pa. Bd. of Prob. & Parole*, 510 A.2d 866 (Pa. Cmwlth. 1986). Because Howell was at liberty on parole from his First Sentence while confined under a detainer on his Second Sentence, he was not entitled to credit against his First Sentence. Thus, we discern no error in the Board's maximum sentence release date calculation.

Accordingly, we affirm the Board's order.

_____
ANNE E. COVEY, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jodie Howell,                                          :
                              Petitioner               :
                                                       :
                    v.                                 :
                                                       :
Pennsylvania Board of                                  :
Probation and Parole,                                  :      No. 931 C.D. 2015
                              Respondent               :

# O R D E R

AND NOW, this 2nd day of March, 2016, the Pennsylvania Board of Probation and Parole's May 7, 2015 order is affirmed.

_____
ANNE E. COVEY, Judge