IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur Wylee,                          :
                        Petitioner     :
                                       :
        v.                             :    No. 725 C.D. 2020
                                       :    Submitted: January 15, 2021
Pennsylvania Parole Board,             :
                        Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                FILED: March 25, 2021

        Arthur Wylee petitions for review of an adjudication of the Pennsylvania Parole Board (Board) denying his administrative appeal. On appeal, Wylee argues that the Board erred by failing to award him credit towards his original sentence for the time he spent in a residential treatment program, which he claims was the functional equivalent of incarceration. For the reasons that follow, we affirm the Board's adjudication.

        On February 22, 1994, Wylee was convicted of third-degree murder and sentenced by the Court of Common Pleas of Allegheny County to a term of incarceration of 10 to 20 years. His minimum sentence date was August 1, 2002, and his maximum sentence date was August 1, 2012.

        On March 29, 2004, Wylee was paroled from the State Correctional Institution (SCI) at Retreat. Beginning in 2009 and continuing until 2016, Wylee was repeatedly sentenced for new crimes, recommitted as either a technical parole

violator (TPV) or convicted parole violator (CPV), and released again on parole.[1] By virtue of these various recommitments and releases on parole, the Board ultimately recalculated the maximum sentence date for Wylee's original homicide conviction to be November 26, 2018.

On November 28, 2016, Wylee was constructively released on parole from his original sentence to begin serving a state detainer sentence at SCI-Houtzdale for the offense of theft of moveable property. Constructive parole occurs when a prisoner is paroled from his original sentence to begin serving a new sentence. *See Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 n.1 (Pa. 1990). On May 30, 2017, Wylee was released on parole from his sentence for theft to reside at Gateway Braddock community corrections center (Braddock CCC). While paroled from his sentence for theft, Wylee also remained on parole with respect to his original homicide sentence, which, as noted above, had a maximum sentence date of November 26, 2018.

On June 18, 2018, in connection with a vehicle accident in which Wylee was involved, the Ambridge Police Department arrested Wylee and charged him with driving under the influence (DUI), accidental damage to unattended vehicles or property, and driving with a suspended license. On June 27, 2018, the Board issued a warrant to commit and detain Wylee for violating the conditions of his parole. That same day, Wylee was detained in Board custody at SCI-Fayette. On November 26, 2018, the then-applicable maximum date of Wylee's original homicide sentence, the Board's warrant lapsed and Wylee was released from confinement.

---

[1] We have summarized these events because the relevant Board actions are not documented in the record. This information is summarized in Wylee's supervision history.

On August 22, 2019, Wylee pled guilty to the new DUI charge and was sentenced by the Court of Common Pleas of Beaver County to a term of confinement of 6 months to 23 months and 15 days, followed by 2 years of probation under the county's intermediate punishment program. The Board relodged its detainer against Wylee on September 9, 2019, and scheduled a parole revocation hearing that same day in response to Wylee's new criminal conviction. Wylee waived his right to counsel and a revocation hearing and admitted that the new conviction occurred while he was on parole. On November 12, 2019, the Board recommitted Wylee as a CPV to serve six months of backtime. The Board awarded Wylee credit for the time he spent in confinement on the Board's detainer from June 27, 2018, to November 26, 2018. C.R. 84. He received no other credit for his time at liberty following his release on constructive parole on November 28, 2016. His maximum sentence date was recalculated as April 7, 2021.

Wylee filed an administrative remedies form with the Board, asserting that he was entitled to credit on his original sentence for the time he was on constructive parole at SCI-Houtzdale from November 28, 2016, to May 29, 2017.[2] On June 30, 2020, the Board denied his request for administrative relief. Wylee petitioned this Court for review.

On appeal,[3] Wylee fails to raise the only argument he made before the Board, *i.e.*, that he is entitled to credit for the time he was on constructive parole

---

[2] Subsequent to filing his initial administrative remedies form, Wylee sent a second form and letter to the Board concerning its November 12, 2019, order. Pursuant to its regulations, the Board treated these later communications as second or subsequent requests for relief and did not consider them. *See* 37 Pa. Code §73.1(a)(4) ("Second or subsequent appeals and appeals which are out of time under these rules will not be received.").

[3] This Court's review determines whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been

from his homicide sentence while serving his theft sentence, from November 28, 2016, to May 29, 2017. It is not clear why Wylee, who is represented by counsel before this Court, raised this issue in his petition for review, but then failed to discuss it in his brief on appeal. Regardless of the reason for the omission, however, its consequences are clear. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 2119(a), requires that the argument portion of a brief be developed with pertinent discussion of the issues, including citations to relevant authority. When parties fail to satisfy this requirement, a court cannot develop the argument for them. *See Skytop Meadow Community Association, Inc. v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017). Accordingly, Wylee waived the issue of credit for constructive parole time by failing to discuss it in this brief.[4]

In his brief before this Court, Wylee discusses a different issue than that raised in his petition for review.[5] He argues that the Board erred in failing to award

---

violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[4] Nevertheless, even if Wylee had preserved this issue, we would conclude that it lacks merit. "A person on liberty from parole from a first sentence, while incarcerated on a second sentence, is not entitled to credit against his original sentence from the constructive parole time served when that parole has been revoked for criminal parole violations." *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866, 867 (Pa. Cmwlth. 1986). Moreover, when the Board recommitted Wylee as a CPV, it denied him credit for his time on constructive parole, which it was authorized to do. *See Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1211 (Pa. Cmwlth. 2019) (discussing Board's "discretion to deny credit for time spent at liberty on parole"), *appeal denied*, 222 A.3d 1130 (Pa. 2020). Pursuant to *Rosenberger*, Wylee's confinement on his theft sentence does not entitle him to credit for the time on constructive parole from his homicide sentence, and the Board's decision to deny credit for that time was within its discretion.

[5] In his brief on appeal, Wylee briefly discusses a March 11, 2020, order of the Board, which, he alleges, contains a typographical error that misidentifies the sentence addressed in the order. Wylee submitted an administrative remedies form to the Board challenging its March 11, 2020, decision. The Board considered this a request for relief subsequent to Wylee's initial administrative remedies form and took no action. Wylee did not reference the March 11, 2020, order in his petition for review, so we do not consider it. *See* PA. R.A.P 1513(d)(4) (requiring

4

credit against his backtime for the time he resided at Braddock CCC. He alleges that the conditions of his residence there were equivalent to incarceration, thus entitling him to credit for that time. The Board responds that Wylee waived this issue by failing to raise it at any time before the Board, including in his administrative remedies form.

We first address the threshold issue of whether Wylee has waived the issue of credit for time spent at Braddock CCC. Under Section 703(a) of the Administrative Agency Law, a party "may not raise upon appeal any other question not raised before the agency[.]" 2 Pa. C.S. §703(a).[6] Further, Pennsylvania Rule of Appellate Procedure 1551(a) provides that no question shall be heard or considered by the court which was not raised before the government unit. PA. R.A.P. 1551(a).[7]

---

petition for review to contain a "reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered").

[6] Section 703(a) states:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa. C.S. §703(a).

[7] At the time Wylee filed his petition for review in this matter, Rule 1551(a) stated:

> Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. *No question shall be heard or considered by the court which was not raised before the government unit* except:
>
> > (1) Questions involving the validity of a statute.
> >
> > (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
> >
> > (3) Questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be so raised, it shall remand the record to the government unit for further consideration of the additional question.

Thus, issues not raised to the Board in an administrative appeal "are waived for purposes of appellate review by this [C]ourt." *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Wylee's administrative remedies form did not indicate the basis of his appeal to the Board. On the attachment to his administrative remedies form, Wylee explained that he was challenging "the amount of time that the Board [credited] ... as time spent at liberty on parole." Certified Record at 89. Wylee discussed only his time on constructive parole at SCI-Houtzdale, and he identified the date range in question as November 28, 2016, to May 29, 2017, a period of time that does not coincide with his time at Braddock CCC. He did not mention Braddock CCC, identify his time there as being in dispute, or discuss the concept of equivalence to incarceration with regard to residential treatment programs.[8] *Id.* Moreover, the relief he requested from the Board concerned only the 183 days of his constructive parole and did not include his time at Braddock CCC. We conclude that Wylee failed to preserve for our review the issue of credit for his time at Braddock CCC by failing to raise it before the Board.[9]

---

The court may in any case remand the record to the government unit for further proceedings if the court deems them necessary.

PA. R.A.P. 1551(a) (former version) (emphasis added). After Wylee filed his petition for review, Rule 1551(a) was amended, and the relevant portion emphasized above now states: "Only questions raised before the government unit shall be heard or considered[.]" PA. R.A.P. 1551(a).

[8] Although the Board did not consider them, we note that Wylee's subsequent requests for relief did not address this issue either.

[9] Wylee's failure to raise this issue before the Board is also apparent from the lack of any hearing in the record. Without a hearing concerning the conditions at Braddock CCC, neither the Board nor this Court can effectively determine whether Wylee is entitled to credit for his time there. *See Cox v. Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). Wylee waived his right to a parole revocation hearing, at which he could have offered the relevant evidence, and his failure to raise this issue before the Board effectively prevented the Board from scheduling a separate *Cox* hearing.

6

Because Wylee did not preserve for review the sole issue he discusses in his appellate brief, it is waived. Accordingly, we affirm the order of the Board.

_____
MARY HANNAH LEAVITT, President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur Wylee,            :
          Petitioner   :
                            :
      v.                  :   No. 725 C.D. 2020
                            :
Pennsylvania Parole Board,   :
          Respondent  :

## **O R D E R**

AND NOW, this 25th day of March, 2021, the adjudication of the Pennsylvania Parole Board, dated June 30, 2020, is hereby AFFIRMED.

                                _____
                                MARY HANNAH LEAVITT, President Judge Emerita