IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery A. Wilkins,           :
                              :
              Petitioner      :
                              :
       v.                     : No. 1262 C.D. 2024
                              : Submitted: November 6, 2025
Pennsylvania Parole Board,    :
                              :
              Respondent      :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  April 13, 2026


        Jeffrey A. Wilkins (Parolee), a parolee confined at the State Correctional Institution (SCI) at Forest, petitions for review of a decision of the Pennsylvania Parole Board (Board) denying his challenge to the Board Action recorded March 6, 2024, which recommitted him as a convicted parole violator (CPV) to serve 12 months' backtime, and recalculated his maximum sentence date as July 15, 2027.  His counsel, Victoria Hermann, Esq. (Counsel), filed a Motion for Withdrawal of Appearance (Application), along with a no-merit letter (*Turner* Letter[1]), arguing that Parolee's appeal is frivolous and without merit.  After thorough review, we grant Counsel's Application and affirm the Board's decision.

_____
        [1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

On August 23, 2018, Parolee was sentenced to serve 8 years' to 16 years' imprisonment in the Butler County Court of Common Pleas (trial court) based on his convictions for possession with the intent to deliver a controlled substance and criminal possession of drug paraphernalia (Original Sentence). *See* Certified Record (CR) at 1. With an effective date of August 6, 2005, Parolee's minimum of the Original Sentence was set to expire on August 6, 2013, and his maximum was set to expire on August 6, 2021. *Id.* at 2. Ultimately, Parolee was released on parole on August 12, 2013. *Id.* at 7.

As Counsel explained in her *Turner* Letter:

> Since your parole on August 12, 2013, you have had a few parole revocations and new charges that may be the cause of your confusion for where time is being credited.
>
> On September 25, 2014, you were arrested by Swissvale [Borough] Police Department [(Swissvale)] on new charges. [*See* CR at 12; *see also Commonwealth v. Wilkins* (C.C.P. Allegheny, No. CP-02-CR-0015413-2014).[2]] On October 28, 2014, the Board made a decision to recommit you as a technical parole violator [(TPV)]

---

[2] In considering the petition for review and the Application, it is appropriate for this Court to take judicial notice of the various filings on the dockets of these cases. *See, e.g.*, Pa.R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) ("[T]his Court may take judicial notice of information contained in the publicly[ ]available docket of [the underlying proceedings]," and "'[i]t is well settled that this Court may take judicial notice of pleadings and judgments in other proceedings . . . where, as here, the other proceedings involve the same parties.'") (citations omitted); *Elkington v. Department of Corrections* (Pa. Cmwlth., No. 478 M.D. 2018, filed May 27, 2021), slip op. at 9 n.4 ("Although not introduced by the parties, the underlying criminal proceedings are directly related to the claims made here and are referenced throughout the pleadings, and this Court may take judicial notice of the dockets of other courts of the Commonwealth.") (citations omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

with an automatic reparole date of March 26, 2015, if you had no write ups while incarcerated. [*See* CR at 12-14.] On October 7, 2015, the decision from October 28, 2014, was modified [by the Board] due to a misconduct. [*See id.* at 17.] You were held during this time at Allegheny County Prison. On March 3, 2016, you were sentenced on your Swissvale charges. [*See id.* at 12-14.] The Board issued another decision on April 19, 2016, to recommit you as a [CPV] for twenty-four (24) months due to this new conviction. [*See id.* at 18-19.] This made your reparole eligibility date September 27, 2016, with a new max date of September 20, 2022. [*See id.*] A Board decision was issued on October 20, 2016, to deny you parole with a new parole max date of September 20, 2022. [*See id.* at 22-23.] On [June 23,] 2017, another Board decision was entered denying you parole. [*See id.* at 24-25.]

On June 29, 2018, the Board issued a decision that granted you reparole to another state detainer [sentence (Detainer Sentence)] for number NL6998, with a new max date of September 20, 2022, 1527 days remaining. [*See* CR at 26-31.] From July 16, 2018, to July 23, 2019, you were incarcerated solely on your [Detainer Sentence]. *See id.* at 29-36]. On October 7, 2021, there was a warrant issued for you on your [Original Sentence]. [*See id.* at 52.] You were arrested by York City Police Department on new charges on October 7, 2021. [*See id.* at 57.] On November 19, 2021, the Board issued a decision to recommit you pending disposition of your new criminal charges. [*See id.* at 53-54.] On June 9, 2022, you posted bail on your York City charges. [*See Commonwealth v. Wilkins* (C.C.P. York, Nos. CP-67-CR-0000266-2022, CP-67-CR-0000267-2022, and CP-67-CR-0002223).] On August 2, 2023, you entered a guilty plea and were sentenced on August 2, 2023, to a sentence of time served to 18 months. [*See id.*] You were given credit for the time prior to posting bail from October 8, 2021, to June 9, 2022, 244 days total toward this docket. [*See id.*] The Board granted you credit for the time you spent incarcerated from the date you posted bail [on] June 9, 2022, to September 20, 2022, 103 days and the one day the Court did not grant you on your York City charges from October 7, 2021, to

3

October 8, 2021, for a total of 104 days. Your time spent at liberty on parole from July 16, 2018, to July 23, 2019, but incarcerated on [the Detainer Sentence], was revoked in accordance with *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866 (Pa. C[mwlth.] 1986).[3] As well as the time [that] you spent at liberty on parole not incarcerated from July 23, 2019, to July 16, 2020, meaning you had 1527 days remaining on your sentence. This time minus the time you spent incarcerated on the [Detainer Sentence] provided 1423 days remaining on your [Original Sentence]. Thereby, your new max date is July 15, 2027.

12/24/24 *Turner* Letter at 1-2; *see also* CR at 139-46, 166-67, 185-187.

Based on his new York County convictions, on March 6, 2024, the Board issued the instant decision recommitting Parolee as a CPV to serve 12 months' backtime, and recalculated his maximum sentence date as July 15, 2027. *See* CR at 168-69. On April 10, 2024, Parolee submitted a *pro se* Administrative Remedies Form from the Board's decision asserting that the Board incorrectly allocated the credit for the time that he served while at liberty on parole, and that the proper max

_____

[3] As this Court has explained:

[In *Rosenberger*,] we held that a prisoner who was paroled from a state sentence to serve a federal sentence, is not entitled to a credit against his original sentence from the constructive parole time served in the federal facility when his parole has been revoked for criminal violations.

*Hernandez v. Pennsylvania Board of Probation and Parole*, 548 A.2d 380, 381 n.6 (Pa. Cmwlth. 1988); *see also id.* at 382 (citation omitted) wherein we stated:

During the time that a convict may be on parole from a particular offense he might be confined in a Pennsylvania prison on another offense, or in a prison of another state, or in a federal prison, or in a mental institution, or in an enemy prison camp during a war. It was not the intent of the legislature to have the words "at liberty" to mean freedom from confinement under all these and other conceivable circumstances

date is March 6, 2025. Specifically, Inmate alleged that he is entitled to credit for time that he spent at the Harrisburg, Capitol Pavilion, and York Community Corrections Centers (CCCs) during his prior periods of parole.

However, as the Board noted:

> Effective June 30, 2021, [Section 6138(a)(2.3) of] the Prisons and Parole Code [(Parole Code)] provides in relevant part that "a parolee is at liberty on parole when the parolee is residing at a community corrections center, community corrections facility or group-based home for purposes of this section. This paragraph does not apply to parolees detained on the [B]oard's warrant or recommitted as a technical parole violator to a community corrections center or community corrections facility." 61 Pa. C.S. §6138(a)(2.3).[4] The record reveals that during the period in question for 81 days from August 12, 2013 to November 1, 2013, [Parolee] was a resident at Harrisburg CCC. This period cannot be considered because it is from a different parole period.[5] [Parolee] was at Capitol Pavilion from July 23, 2019 to August 9, 2019[,] for a total of 17 days. He was at York CCC from August 9, 2019 to August 23, 2019[,] for a total of 14 days. He was not there for technical parole violations, and neither the Board, nor the

---

[4] Section 6138(a)(2.3) of the Parole Code states:

> A parolee is at liberty on parole when the parolee is residing at a community corrections center, community corrections facility [(CCF),] or group-based home for purposes of this section. This paragraph does not apply to parolees detained on the [B]oard's warrant or recommitted as a [TPV] violator to a [CCC] or [CCF].

[5] As outlined above, on October 28, 2014, the Board recommitted Parolee as a TPV with an automatic reparole date of March 26, 2015, if he had no write ups while incarcerated. *See* CR at 12-14. However, on October 7, 2015, the Board modified its October 28, 2014 decision due to Parolee's misconduct. *See id.* at 17. Following Parolee's conviction on the Allegheny County charges, the Board issued another decision on April 19, 2016, to recommit him as a CPV for 24 months due to this new conviction. *See id.* at 18-19. Thus, the Board correctly determined that any credits due Parolee as a TPV were lost in the April 19, 2016 decision recommitting him as a CPV to serve 24 months' backtime.

Department of Corrections [(DOC)] had a warrant lodged against him. The new crimes resulting in [Parolee's] revocation occurred in September 2021 and in October 2021, after the change to the statute. Thus, [Parolee] is not entitled to any credit for the time in question, pursuant to the statute.

CR at 190. Parolee then filed the instant petition for review and Counsel filed the instant Application.

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[6] *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish

_____

[6] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*, and on independent review, we concur in Counsel's assessment. Indeed, as this Court has previously explained:

> By enacting Section 6138(a)(2.3) of the Parole Code, the General Assembly did not change the law. Rather, the General Assembly codified the long line of precedents which held that, because parolees residing in a CCC or [community correctional facility (CCF)] generally are allowed to leave with permission for various reasons, including employment, employment searches, leisure activities, shopping, and attending medical and Social Security appointments, the CCCs and CCFs do not restrict a parolee's ability to leave; the staff at CCCs and CCFs are generally prohibited from stopping any resident from leaving the building, even if he/she chooses to leave without signing out; and, although the doors at CCCs and CCFs are locked from the outside to prohibit unauthorized people from entering the building, parolees can freely exit the buildings; therefore, time spent by a parolee at a CCC or CCF is generally treated as time spent at liberty on parole. *See Medina* [*v. Pennsylvania Board of Probation and Parole*, 120 A.3d 1116, 1119 (Pa. Cmwlth. 2015)] ("[T]his Court repeatedly holds that parolees are not entitled to credit for periods in which they reside in . . . CCCs[], CCFs, or inpatient treatment programs where the Board determines the parolees did not meet their burden

7

of proving the restrictions on their liberty were the equivalent of incarceration."). The fact that the General Assembly codified this Court's common law in this area undermines [the parolee's] argument for revisiting those holdings. Accordingly, this Court will not disturb them.

*El-Amin v. Pennsylvania Parole Board*, 273 A.3d 1255, 1260 (Pa. Cmwlth.), *appeal denied*, 285 A.3d 323 (Pa. 2022). As outlined above, Section 6138(a)(2.3) specifically provides that "[a] parolee is at liberty on parole when the parolee is residing at a [CCC] . . . for purposes of this [S]ection." 61 Pa. C.S. §6138(2.3). In short, the Board did not err in failing to credit Parolee with the time he spent at the CCCs while he was at liberty on parole. *See* Section 6138(a)(2) of the Parole Code, 61 Pa. C.S. §6138(a)(2) ("If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and . . . shall be given no credit for the time at liberty on parole.").[7]

Accordingly, Counsel's Application is granted, and the Board's decision is affirmed.

_____
MICHAEL H. WOJCIK, Judge

_____

[7] To the extent that Parolee sought enforcement of the plea bargain on his new charges before the Board, we note that such a remedy may only be granted by the relevant court of common pleas. *See, e.g.*, *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 165-66 (Pa. Cmwlth. 2016) ("Nonetheless, [the parolee's] proper remedy is to seek to vacate the plea agreement in the trial court. [*Commonwealth v. Zuber*, 353 A.2d 441 (Pa. 1976)]. Because neither the trial court nor the Board could order [the parolee's] backtime and new sentence to run concurrently, any agreement indicating that the Board would even consider doing that would render [the parolee's] plea agreement void. *Id.*").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery A. Wilkins,           :
                                  :
            Petitioner     :
                                  :
        v.                 : No. 1262 C.D. 2024
                                  :
Pennsylvania Parole Board,    :
                                  :
          Respondent :

# **O R D E R**

AND NOW, this 13th day of April, 2026, the Motion for Withdrawal of Appearance filed by Victoria Hermann, Esq. is GRANTED, and the decision of the Pennsylvania Parole Board dated August 29, 2024, is AFFIRMED.

The Prothonotary is directed to mail a copy of this Opinion and Order to Petitioner.

_____
MICHAEL H. WOJCIK, Judge