IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Taylor,                          :
                    Petitioner          :
                                         :
        v.                               :
                                         :
Pennsylvania Parole Board,               :   No. 527 C.D. 2022
                    Respondent          :   Submitted: February 17, 2023


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  April 24, 2023


Patrick Taylor (Taylor) petitions this Court for review of the Pennsylvania Parole Board's (Board) April 25, 2022 decision (mailed April 29, 2022) affirming the Board's decision recorded November 24, 2021 (mailed November 30, 2021).  Taylor presents one issue for this Court's review: whether the Board erred by failing to award Taylor credit for all of the time he served exclusively under the Board's warrant or while incarcerated.  After review, this Court affirms.

Taylor is currently incarcerated at Quehanna Boot Camp (Quehanna).[1] On September 8, 2006, the Dauphin County Common Pleas Court sentenced Taylor to serve to 3 to 6 years of incarceration for the manufacture, sale, delivery, or possession with intent to deliver drugs, and to concurrently serve 5 to 10 years of incarceration for robbery, plus 5 to 10 years of concurrent incarceration for criminal conspiracy to commit robbery (Original Sentence).  *See* Certified Record (C.R.) at

---

[1] *See* http://inmatelocator.cor.pa.gov (last visited Apr. 21, 2023).

1. Taylor's Original Sentence maximum release date was December 5, 2015. *See* C.R. at 1.

On September 24, 2010, while Taylor was an inmate at the State Correctional Institution (SCI) at Albion, the Board granted Taylor parole from his Original Sentence on or after December 5, 2010 (upon completion of a violence prevention program) to a community corrections center until he was successfully discharged therefrom. *See* C.R. at 4-10. On January 20, 2011, the Board released Taylor on parole. *See* C.R. at 7.

As conditions of his parole, Taylor consented, *inter alia*, to obtaining written permission before changing his approved residence and maintaining regular contact with parole supervision staff. *See* C.R. at 8. Taylor also agreed to the following conditions (Conditions):

> If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody[] pending disposition of those charges, even though you may have posted bail or released on your own recognizance from those [new] charges.
>
> If you violate a condition of your parole/reparole and, after an appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 8.

On November 22, 2011, the Board declared Taylor delinquent effective November 2, 2011. *See* C.R. at 11. On July 23, 2013, Taylor was placed in the York

2

County Prison. *See* C.R. at 12. On October 17, 2013, the Board recommitted Taylor as a technical parole violator (TPV) to serve six months of backtime at an SCI/contracted county jail because he changed his approved residence without permission, and he failed to report to parole supervision staff as instructed. *See* C.R. at 12, 14-16. The Board recalculated Taylor's Original Sentence maximum release date to August 25, 2017. *See* C.R. at 12, 14, 22. The Board also declared that, provided Taylor did not commit certain disciplinary infractions, he would be reparoled automatically (without further Board action) on January 23, 2014. *See* C.R. at 14, 17. By decision issued November 1, 2013, the Board reaffirmed its October 17, 2013 decision to recommit Taylor. *See* C.R. at 24. On January 23, 2014, the Board released Taylor on reparole subject to the Conditions. *See* C.R. at 17-20.

On March 14, 2016, the Harrisburg Police Department arrested Taylor for the manufacture, sale, delivery, or possession with intent to deliver drugs (Dauphin County Charge). *See* C.R. at 25. By decision rendered April 18, 2016, the Board detained Taylor pending disposition of the Dauphin County Charge. *See* C.R. at 25.

On June 17, 2016, Taylor pled guilty to the Dauphin County Charge, and the Dauphin County Common Pleas Court sentenced him to 1½ to 3 years of incarceration (Dauphin County Sentence). *See* C.R. at 32, 41. Taylor's custody for return date was August 1, 2016. *See* C.R. at 26, 41. By August 5, 2016 decision, the Board recommitted Taylor to SCI-Camp Hill as a convicted parole violator (CPV) to serve 18 months of backtime based on the Dauphin County Charge. *See* C.R. at 26-29. The Board declared that Taylor was not eligible for parole until February 1, 2018, and recalculated his Original Sentence maximum release date as December 14, 2020. *See* C.R. at 26, 28-29.

3

By decision recorded November 29, 2017, the Board granted Taylor parole to his state detainer/Dauphin County Sentence subject to the Conditions. *See* C.R. at 33, 36-39. Accordingly, on February 1, 2018, the Board constructively reparoled Taylor from his Original Sentence to serve his state detainer/Dauphin County Sentence. *See* Board Br. at 3; *see also* C.R. at 41 (Taylor's Sentence Status Summary reflected "GU4501 re[]paroled on [February] 1[, 20]18. NG0959 effective date is [February] 2[, 2018.]").

On May 8, 2018, Taylor was transferred to Quehanna. *See* Board Br. at 3; *see also* C.R. at 103. On November 27, 2018, the Board notified Taylor that he would be released from Quehanna on November 28, 2018, subject to the Conditions. *See* C.R. at 40, 44-47. The Board recalculated Taylor's maximum date for his detainer sentence as September 25, 2020. *See* C.R. at 42, 44. On November 28, 2018, Taylor was moved from Quehanna to Harrisburg Community Corrections Center. *See* C.R. at 103. On January 8, 2019, Taylor was discharged from the Harrisburg Community Corrections Center to an approved home plan. *See* C.R. at 67.

On March 20, 2019, the Board issued a warrant to commit and detain Taylor, and he was held at SCI-Camp Hill. *See* C.R. at 49-50, 103. On March 29, 2019, Taylor agreed to Special Conditions of Parole directing him to enter an inpatient drug and alcohol rehabilitation program at Gaudenzia Siena House (Siena House). *See* C.R. at 48. By Order to Release from Temporary Detention, the Board directed that SCI-Camp Hill transport Taylor to Siena House on March 29, 2019, which it did. *See* C.R. at 50, 103.

On April 27, 2019, Taylor absconded from Siena House and, on April 30, 2019, the Board declared him delinquent for changing his approved residence without permission. *See* C.R. at 51-52, 67, 153. Taylor's whereabouts remained unknown until he turned himself in to parole staff on May 18, 2020. *See* C.R. at 67.

4

On May 18, 2020, the Camp Hill Police Department arrested Taylor on charges of, *inter alia*, flight to avoid apprehension/trial/punishment and fleeing or attempting to elude police (Cumberland County Charges), the Cumberland County Common Pleas Court set his bail at $50,000.00 monetary, and he was placed in the Cumberland County prison. *See* C.R. at 55, 64, 104-105, 110, 112. The Board issued a warrant to commit and detain Taylor. *See* C.R. at 53. Taylor was unable to post bail at that time. *See* C.R. at 104. However, Taylor posted bail on May 27, 2020, after the Cumberland County Common Pleas Court changed the bail to $50,000.00 unsecured. *See* C.R. at 64, 105, 110. By June 8, 2020 Order to Cancel Warrant to Commit and Detain, the Board took custody of Taylor and transported him to SCI-Retreat on June 9, 2020. *See* C.R. at 54, 103. On June 24, 2020, Taylor was moved to SCI-Smithfield. *See* C.R. at 103.

By decision recorded July 14, 2020, the Board detained Taylor pending disposition of the Cumberland County Charges. *See* C.R. at 55. By September 21, 2020 Order to Cancel Warrant to Commit and Detain, the Board lifted its detainer effective September 25, 2020 (the maximum date for the detainer sentence) and directed Taylor to report to parole staff upon his release. *See* C.R. at 59. On October 5, 2020, Taylor agreed to Special Conditions of Parole - global positioning system (GPS) monitoring. *See* C.R. at 60.

On July 14, 2021, after a trial, Taylor was found guilty of the Cumberland County Charges. *See* C.R. at 62, 72-75. The Board verified the conviction on July 16, 2021. *See* C.R. at 65. Because Taylor failed to report to parole staff and removed his GPS monitor, his bail was revoked on July 16, 2021. *See* C.R. at 67, 105, 110. On August 9, 2021, the Board issued a warrant to commit and detain Taylor. *See* C.R. at 61. On August 26, 2021, the Board sent Taylor a Notice of Charges and Hearing, scheduling a parole revocation hearing for September 13, 2021. *See* C.R. at 62. Taylor waived his right to a panel hearing, *see*

C.R. at 82, and a hearing was held before a single hearing examiner on September 13, 2021, at which Taylor admitted to his convictions for the Cumberland County Charges.[2]  *See* C.R. at 76-93, 96.  On September 17, 2021, the Board voted to recommit Taylor to an SCI as a CPV to serve 9 months' backtime on his Original Sentence, pending his return to an SCI, without credit for time he spent at liberty on parole because of his history of supervision failure and his continued, unresolved drug and alcohol issues.  *See* C.R. at 94-102.

On September 21, 2021, the Cumberland County Common Pleas Court sentenced Taylor to serve 21 to 42 months in an SCI for the flight to avoid apprehension/trial/punishment charge, and to serve a consecutive 9 to 24 months in an SCI for the fleeing or attempting to elude police charge, but gave him a 53-day credit (Cumberland County Sentence).[3]  *See* C.R. at 108, 112-113, 119-120, 125, 153.  The Cumberland County Common Pleas Court declared that Taylor's Cumberland County Sentence was to "run consecutive with any other sentence [he] [was] currently serving."  *See* C.R. at 112.

By decision recorded November 8, 2021, the Board recommitted Taylor to an SCI to serve 9 months of backtime on his Original Sentence, when available, pending his return to an SCI.  *See* C.R. at 126-129.  Taylor's Sentence Status Summary reflected: "Recommit on [his Original Sentence] and [his Dauphin County Sentence], but only recalculate on [his Original Sentence] until further direction."  C.R. at 125.  By decision recorded November 24, 2021 (mailed November 30, 2021), the Board referred to its November 8, 2021 action, declared that Taylor was not eligible for parole until February 20, 2022, and recalculated Taylor's Original Sentence maximum release date to March 26, 2024.  *See* C.R. at

---

[2] Counsel represented Taylor at the hearing.

[3] It is not clear in the record on what basis the Cumberland County Common Pleas Court awarded Taylor the 53-day credit.

130-134. In recalculating Taylor's Original Sentence, the Board credited Taylor for the time he was confined on the Board's detainers from March 20 to March 29, 2019 (i.e., 9 days), and from May 27 to September 25, 2020 (i.e., 121 days), and determined that he had 917 days (2 years, 6 months, and 6 days) remaining on his Original Sentence. *See* C.R. at 124, 133.

On December 22, 2021, Taylor, pro se, filed an Administrative Remedies Form challenging the Board's decision recorded November 24, 2021 (mailed November 30, 2021), on the basis that the Board miscalculated the time he owed on his Original Sentence. *See* C.R. at 143-145. Specifically, Taylor argued that he did not leave prison when he was paroled on February 1, 2018, but was paroled to his sentence on his Dauphin County Charge, parole staff informed him that his Dauphin County Sentence would run concurrently with his Original Sentence, and based on his supervision history, he was not paroled to the Harrisburg Community Corrections Center until November 28, 2018, and he was released therefrom to an approved home plan on January 8, 2019. *See* C.R. at 143-144. Taylor declared that he owed 44 months of backtime in 2016, and "did a[n] 18[-]month hit from August 1, 2016 until February 1, 2018[,] which left [him] 26 months [] of back[]time owed." C.R. at 144.

On January 4, 2022, Taylor's counsel filed an Administrative Remedies Form, arguing that the Board erred in its recalculation of Taylor's Original Sentence maximum release date because it was substantially beyond the time Taylor could be required to serve his Original Sentence, in that the Board failed to properly credit the time Taylor served solely on the Board's detainer and does not accurately reflect when he was incarcerated and under the Board's jurisdiction, and the Board failed to comply with Pennsylvania law relating to the order in which Taylor was to serve his sentences and, thus, improperly caused him to serve consecutive time. *See* C.R. at 146-151. In Taylor's representations attached to the January 4, 2022 appeal, he

7

declared that he was not challenging his 9-month CPV recommitment but, rather, the Board's parole violation date calculation.[4] *See* C.R. at 148-149. By April 25, 2022 decision (mailed April 29, 2022), the Board affirmed its November 24, 2021 decision (mailed November 30, 2021). *See* C.R. at 152-154. Taylor appealed to this Court.[5]

Taylor argues that the Board failed to award him credit for all of the time he served exclusively on the Board's warrants or while he was incarcerated. Specifically, Taylor contends that the Board erred by recommitting him on the basis that he was paroled on February 1, 2018, when he was actually paroled on November 28, 2018, from Quehanna. Taylor's entire argument is as follows:

> The order to recommit . . . dated November 24, 2021[,] reflects [Taylor's] parole/reparole/delinquency/[B]oard warrant date as February 1, 2018. ([C.R. at] 124). However, the release on parole to [Quehanna] is dated November 28, 2018. ([C.R. at] 45). This date is additionally reflected in the hearing transcript ([C.R. at] 91), warrant to commit and detain dated May 18, 2020, wanted notice request ([C.R. at] 51), Pennsylvania Department of Corrections moves report ([C.R. at] 103), and supervision history ([C.R. at] 67). [Taylor,] at the time of his reparole on November 28, 2018[,] owed 747 days or two years and 16 days. He received credit of [9] days confinement time and 121 days backtime credit. ([C.R. at] 124). His backtime owed should be 617 days. Adding 617 days to his custody for return date of

---

[4] On March 14, 2022, the Board recorded its decision to parole Taylor to his state detainer sentence. *See* C.R. at 135-137. The Board released Taylor on parole on March 30, 2022, subject to the Conditions. *See* C.R. at 138-142. Because Taylor is currently incarcerated at Quehanna, he was returned to custody at some point after March 30, 2022.

[5] "[This Court's] scope of review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

Taylor filed an application to proceed *in forma pauperis*, which this Court granted on June 8, 2022.

8

September 21, 2021[,] results in a recomputed maximum sentence date of May 31, 2023.

Taylor Br. at 13.

Section 6138 of the Prisons and Parole Code (Parole Code) provides, in relevant part:

> **(a) Convicted violators.--**
>
> . . . .
>
> (2) If the offender's parole is revoked, the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.
>
> (2.1) The [B]oard may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole, [except for situations that do not apply in the instant matter] . . . .
>
> (2.2) Credit awarded under paragraph (2.1) is subject to forfeiture under this section if an offender is subsequently recommitted as a [CPV].
>
> (2.3) A parolee is at liberty on parole when the parolee is residing at a community corrections center, community corrections facility or group-based home for purposes of this section. This paragraph does not apply to parolees detained on the [B]oard's warrant or recommitted as a [TPV] to a community corrections center or community corrections facility.
>
> . . . .
>
> (4) The period for which the offender is required to serve shall be computed by the [B]oard and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender.
>
> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a

9

Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in [an SCI].

> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138.

Moreover, this Court has explained:

> Under *Gaito*[ *v. Pennsylvania Board of Probation & Parole*, 412 A.2d 568 (Pa. 1980)], if a CPV satisfies bail requirements prior to sentencing and is incarcerated solely on the Board's detainer, this period of incarceration is credited to his original sentence. [*See id*]. However, when bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. [*See i*]d.

*White v. Pa. Parole Bd.*, 276 A.3d 1247, 1256 (Pa. Cmwlth. 2022).

Finally,

> [t]he Board [] has the discretion to grant constructive parole. *See Merritt v. Pa. Bd. of Prob. & Parole*, . . . 539 A.2d 511 ([Pa. Cmwlth.] 1988). "A prisoner on constructive parole is not released from prison but is paroled from his or her original sentence to immediately begin serving a new sentence." *Calloway v. Pa. Bd. of Prob. & Parole*, 857 A.2d 218, 220 n.4 (Pa. Cmwlth. 2004). "[T]he concept of at liberty on parole is not at liberty from all confinement, but at liberty from confinement of the particular sentence from which the convict is being reentered as a parole violator." *Rosenberger v. Pa. Bd. of Prob. & Parole*, . . . 510 A.2d 866, 867 ([Pa. Cmwlth.] 1986) (internal quotations omitted) (quoting *Commonwealth ex rel. Haun v. Cavell*,

. . . 154 A.2d 257, 261 ([Pa. Super.] 1959)). This Court has stated that

> [c]onstructive parole differs from actual parole in that rather than actually releasing the parolee from prison, [he is] merely free[d] . . . to begin serving the next consecutive sentence. . . .

> *Ray v. Howard*, . . . 395 A.2d 1038, 1040 n.2 ([Pa. Cmwlth.] 1979).

*Moss v. SCI - Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1136-37 (Pa. Cmwlth. 2018).

Here, the record clearly reflects that when the Board paroled Taylor on February 1, 2018, he was released to serve his state detainer/Dauphin County Sentence. Although Taylor remained incarcerated until he was transferred to Quehanna on May 8, 2018, he was still on constructive parole from his Original Sentence and serving his state detainer/Dauphin County Sentence during that time. Contrary to Taylor's representations, he was not paroled *to* Quehanna on November 28, 2018, but, rather, was released *from* Quehanna on November 28, 2018, and sent to the Harrisburg Community Corrections Center. *See* C.R. at 45, 51, 67, 91, 103.

In addition, when the Board released Taylor on February 1, 2018, he had 1,047 days remaining on his Original Sentence. *See* C.R. at 36-39. The Board credited Taylor for the days he was held solely on the Board's detainers from March 20 to March 29, 2019, (i.e., 9 days) and from May 27 to September 25, 2020, (i.e., 121 days). The Board subtracted the 130 credited days from the 1,047 days remaining on Taylor's Original Sentence, which left 917 days (2 years, 6 months, and 6 days) for Taylor to serve on his Original Sentence. Adding 917 days to Taylor's September 21, 2021 Cumberland County Sentence date - the date he became available to again serve his Original Sentence - results in a new Original Sentence maximum release date of March 26, 2024.

11

The Board concluded:

The Board re[]paroled Taylor from his [O]riginal [S]entence . . . on February 1, 2018[,] with a maximum [release] date of December 14, 2020. This means that Taylor was left with 1[,]047 days remaining on his [Original S]entence. Taylor rolled to a [Dauphin County] state detainer sentence . . . . On November 28, 2018, Taylor [was] paroled from his [Dauphin County S]entence . . . from Quehanna . . . . The maximum date for the detainer sentence was September 25, 2020. The Board's decision to recommit Taylor as a [CPV] authorized the recalculation of his maximum date to reflect that he received no credit for the time spent at liberty on parole. [*See* Section 6138(a)(2) of the Parole Code ,] 61 Pa.C.S. § 6138(a)(2). This means that Taylor owed 1[,]047 days on his [O]riginal [S]entence . . . based on his recommitment as a CPV. The Board applied confinement credit toward Taylor's [Original S]entence . . . for [nine] days from March 20, 2019[,] to March 29, 2019[,] because he was temporarily held on the Board's detainer during that period. Taylor is not entitled to credit toward his [O]riginal [S]entence for the period he was serving under [his Dauphin County Sentence] because he is not entitled to such, even though he was paroled to a state detainer sentence. [*See*] *Rosenberger* . . . . This means that Taylor owed 1[,]047 - 9 = 1[,]038 days remaining on his [O]riginal [S]entence based on [] [his] recommitment.

On April 27, 2019, Taylor absconded from supervision and he was declared delinquent by the Board. On May 18, 2020, local authorities in Cumberland County arrested Taylor for new criminal charges, bail was set to $50,000[.00] monetary which he did not post, and the Board lodged its detainer that same day. On May 27, 2020, the bail type for the [Cumberland County C]harges was changed to unsecured bail. The Board's detainer was lifted on September 25, 2020. On July 16, 2021, Taylor's bail was revoked following his guilty plea. On September 13, 2021, the Board conducted a non-panel revocation hearing for Taylor's [Cumberland County Charges]. The Board voted to revoke for the [Cumberland County Charges] on September 17, 2021. On September 21, 2021,

12

Taylor was sentenced in Cumberland County to a new carceral term to be served in an SCI.

Based on the above facts, the Board applied credit toward Taylor's [O]riginal [S]entence for 121 days from May 27, 2020 to September 25, 2020. Taylor is entitled to such credit because he posted bail on the [Cumberland County Charges], and[,] thus, the Board held him solely on its detainer during that period. [*See*] *Gaito* . . . . Taylor is not entitled to credit from May 18, 2020 to May 27, 2020[,] toward his [O]riginal [S]entence, nor is he entitled to credit from July 16, 2021[,] to the sentencing date of September 21, 2021[,] because he did not post bail on the [Cumberland County Charges], and thus, the Board did not hold him solely on its warrant during those periods. This means that Taylor was left with 1[,]038 - 121 = 917 days on his [O]riginal [S]entence based on [his] recommitment.

The [Parole Code] provides that a CPV who was released from an SCI and receives a new sentence to be served in an SCI must serve the original sentence first. [*See* Section 6138(a)(5) of the Parole Code,] 61 Pa.C.S. § 6138(a)(5). Considering the Board declared Taylor a [CPV] four days prior to his sentencing date in Cumberland County, he therefore became available to commence service of his [O]riginal [S]entence on September 21, 2021, the day he was sentenced to state incarceration. Adding 917 days to September 21, 2021[,] yields a recalculated [Original Sentence] maximum [release] date of March 26, 2024. Any credit for time spent incarcerated that was not applied to Taylor's [O]riginal [S]entence may be calculated by the Department of Corrections and applied toward his [Cumberland County Sentence] which he currently serves under QN[]7874.

C.R. at 152-153. Accordingly, the Board properly recalculated Taylor's Original Sentence maximum release date.

Based on the foregoing, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patrick Taylor, :
               Petitioner :
                :
     v. :
                :
Pennsylvania Parole Board, : No. 527 C.D. 2022
               Respondent :

## O R D E R

AND NOW, this 24th day of April, 2023, the Pennsylvania Parole Board's April 25, 2022 decision (mailed April 29, 2022) is affirmed.

_____
ANNE E. COVEY, Judge